In the Matter of the Application of DANIEL O'CONNELL, Respondent, for a Writ of Mandamus against JOHN C. CLARK and Others, Constituting the State Civil Service Commission of the State of New York, Appellants.

First Department, April 7, 1922.

Civil service — peremptory mandamus to compel State Civil Service Commission to permit transfer of petitioner from general clerk in office of county clerk to position of attendant upon Supreme Court — as facts in petition are denied, alternative writ only should issue — petition did not show clear, legal right to transfer — two positions not in same class — duties of two positions different — court will not interfere with State Civil Service Commission except for abuse of discretion.

On an application for a peremptory writ of mandamus to compel the State Civil Service Commission to issue a certificate authorizing the transfer of the petitioner from the position of general clerk in the office of the county clerk in the county of New York to the position of attendant upon the Supreme Court in the First Judicial District, where many of the material facts alleged in the petition were denied, the court, at most, should have granted an alternative writ only in order that such issues might be determined as the law requires.

However, giving the most favorable interpretation to the facts, the petitioner did not show that he had a clear, legal right to be transferred, for it appeared that the position which he held was not in the same class as the position to which he wished to be transferred; that there was an outstanding eligible list for court attendant, First Judicial District, in full force and effect, and that the duties of the position to which he wished to be transferred and the qualifications therefor were different from those of the position which he held. To grant the transfer would be to violate section 16 of the Civil Service Law, prohibiting a transfer to a position for original entrance to which there is required an examination involving essential tests or qualifications which differ from or are higher than those required for original entrance to the position held by such person.

The right to transfer from one position to another is by statute and the rules of the Civil Service Commission made dependent upon the certificate of the State Civil Service Commission that the transfer is in accordance with the law and the provisions of the rules, and the Commission is required to exercise its discretion and judgment in the issuance of the certificate, with which discretion the courts will not interfere, unless it is abused or unless the Commission has acted arbitrarily. In this case the Commission acted well within its discretion and, upon the facts, which must be deemed admitted, acted properly in refusing to issue the certificate.

APPEAL by the defendants, John C. Clark and others, constituting the State Civil Service Commission of the State of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of December, 1921, directing that a peremptory writ of mandamus issue (after taking effect of Civil Practice Act), requiring the defendants, as the Civil Service Commission of the State of New York, to issue the usual and proper certificate pursuant to rule XVII of the Rules of the State Civil Service Commission,

authorizing and approving the transfer of the petitioner, Daniel O'Connell, from the position of general clerk in the office of the clerk of the county of New York to the position of attendant upon the Supreme Court in the First Judicial District, and requiring said defendants, as such Commission, to do everything on their part to be done to bring about such transfer of the petitioner.

*Charles D. Newton,* Attorney-General [*Robert P. Beyer,* Deputy Attorney-General, of counsel], for the appellants.

*John E. O'Brien,* for the respondent.

*A. Leo Everett* [*H. Eliot Kaplan* of counsel], for the Civil Service Reform Association as *amicus curiæ.*

PAGE, J.:

A justice of the Supreme Court and the county clerk sent to the State Civil Service Commission a notice of their consent to the transfer of Daniel O'Connell from the position of general clerk in the office of the county clerk to the position of attendant upon the Supreme Court at a compensation of $2,160 per annum, the amount he was then receiving. The Civil Service Commission on December 22, 1920, notified them that the application for the transfer was denied, and on July 21, 1921, notified O'Connell's attorney that they denied his request that they reverse their former decision. A petition was filed for an order to show cause why a peremptory writ of mandamus should not issue requiring the State Civil Service Commission to grant this certificate. The petition alleged that the position of general clerk in the office of the clerk of New York county is not specifically designated in any group or classification established by the State Civil Service Commission, and that this position of court attendant is classified in subdivision 7 of group C of rule VII of the Rules of the State Civil Service Commission, and that the transfer of the petitioner will not involve a promotion to a higher grade or position; that the duties of the petitioner as general clerk have been that of an attendant, custodian or messenger, and that proper classification of such position is under subdivision 7 of group C.

The Attorney-General on behalf of the State Civil Service Commission, in opposition to the motion presented the affidavit of that Commission, denying that the position held by the petitioner was not classified, and on the contrary alleged that he was classified under group A, subdivision 2, of rule VII, and denied that the duties of the petitioner were the duties of attendant, custodian and messenger; denied that there was no outstanding eligible list for court attendant, First Judicial District, but alleged on the contrary

that there was such list in full force and effect. On the hearing of the motion the court received replying affidavits on behalf of the petitioner as to his duties, and being unable to decide these questions of fact, examined the deputy county clerk, and thereafter directed a peremptory writ to issue.

" A peremptory writ of mandamus may be issued, in the first instance, where the applicant's right to the mandamus depends only upon questions of law, * * *. Except as prescribed in this section, or by special provision of law, a peremptory mandamus can not be issued, until an alternative mandamus has been issued and duly served, and the return day thereof has elapsed." (Code Civ. Proc. § 2070; Civil Practice Act, § 1319.) Where, as in this case, many of the material facts alleged in the petition were denied, at most, the court should have granted an alternative writ that such issues might have been determined as the law requires. Giving, however, the most favorable interpretation to the facts, the petitioner did not show that he had a clear legal right to be transferred. Section 14 of the Civil Service Law (as amd. by Laws of 1911, chap. 547) provides in part as follows: " No person shall be transferred to, or assigned to perform the duties of, any position subject to competitive examination, unless he shall have previously passed an open competitive examination equivalent to that required for such position, or unless he shall have served with fidelity for at least three years in a similar position." Section 16 of the said law, so far as applicable, provides: " No * * * transfer * * * shall be made from a position in one class to a position in another class unless the same be specially authorized by the State or municipal commission, nor shall a person be * * * transferred to a position for original entrance to which there is required by this chapter or the rules, an examination involving essential tests or qualifications different from or higher than those required for original entrance to the position held by such person, unless he shall have passed the examination or attained a place upon the eligible list for such higher position."

The petitioner states in his petition that the position held by him is not classified. If this were true, then his application was not for a transfer from one position to another within the classified service, but was for an original appointment which clearly could not be made to a position within the competitive class unless the appointee was on the eligible list established after a competitive examination. If, which must be the fact, as stated by the Secretary of the State Civil Service Commission, the petitioner's position is classified under group A, subdivision 2, of rule VII of the Rules of the State Civil Service Commission, and the position of court

attendant is under group C, subdivision 7, then we must accept as a fact that the examination for these positions involves essential tests and qualifications differing from each other.

This is necessarily so from the entirely different duties of the two positions. There are physicial tests, and age limitations, entirely different in the two positions. The court attendants are a necessary adjunct to the due and orderly administration of the business of the court. The attendant is required to be in attendance on the sittings of the court and to execute its commands, secure due order in the courtroom, and attend upon and take charge of juries. The only similarity in the duties which it was shown that the petitioner performed was the minor and incidental one of acting as a messenger carrying papers from the county clerk's office to the courtroom in obedience to a *subpœna duces tecum* or order of the court, and the carrying by the attendant of papers to be filed or those filed papers left with the court from the courtroom to the county clerk's office. The physical ability to perform this duty does not demonstrate the possession of the qualifications necessary to the discharge of the other and more important duties of the court attendant.

The right to transfer from one position to another is by statute and the rules of the State Civil Service Commission, approved by the Governor, made dependent upon the certificate of the State Civil Service Commission that the transfer is in accordance with the law and the provisions of the rules. (Rules XV and XVII of the Rules of the State Civil Service Commission.)

The Commission is required to exercise discretion and judgment in the issuance of the certificate, and unless the discretion is abused, or the Commission has acted arbitrarily, the courts should not interfere. In this case it acted well within its discretion, and upon facts which must be deemed admitted, acted properly in refusing to issue the certificate.

The order will, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, and the proceedings dismissed, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, the motion denied, and the proceedings dismissed, with ten dollars costs.