ROSCOE C. E. BROWN, Appellant, *v.* CHARLES L. CRAIG, as Comptroller of the City of New York, and Others, Respondents.

First Department, March 21, 1924.

Civil service — motion for temporary injunction in taxpayer's action to prevent payment of salaries to three police captains in New York city — captains appointed from eligible list when no vacancies existed, appointments to take effect upon assignment — vacancies occurred and assignments made after list expired — appointments illegal — motion granted.

A motion for a temporary injunction in a taxpayer's action to prevent the payment of the salaries of three captains of police in New York city must be granted, where it appears that the said captains were appointed from the eligible civil service list at a time when there were no vacancies to be filled, the appointments to take effect upon assignment, and that vacancies occurred and the assignments were made after the eligible list had expired by force of statute, since an appointment from an eligible list, to be effective, must be to a vacancy occurring during the life of the list.

APPEAL by the plaintiff, Roscoe C. E. Brown, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of December, 1923, denying his motion for an injunction *pendente lite.*

*Albert De Roode* [*A. Leo Everett* and *H. Eliot Kaplan* with him on the brief], for the appellant.

*Moses Altmann,* for the respondents William Kelliher and others.

*George P. Nicholson, Corporation Counsel* [*Elliot S. Benedict* of counsel; *John F. O'Brien* and *Arthur Sweeny* with him on the brief], for the respondents Craig and others.

DOWLING, J.:

The order appealed from denies an application for an injunction *pendente lite* in a taxpayer's action to prevent the payment of salary to the defendants Kelliher, Quinn and Brady as captains of police.

On June 27, 1919, the municipal civil service commission of

First Department, March, 1924.                           [Vol. 209

the city of New York, after holding a competitive examination, promulgated a list of persons eligible for promotion to the position of captain in the police department.   The statutory life of an eligible list cannot exceed four years.   (Civ. Serv. Law, § 14, as amd. by Laws of 1911, chap. 547.)

On June 26, 1923 (or before the expiration of such list), there were two vacant positions of captain in said department, but the police commissioner, anticipating that other vacancies would occur, requested the municipal civil service commission to certify the appropriate number of names to him from which to fill five vacancies in said position.   On June 26, 1923, the civil service commission certified the names of the persons at the head of the eligible list and on the same date the police commissioner appointed two persons from such list to fill the vacancies then existing and also appointed the three defendants in this action, Kelliher, Quinn and Brady, as captains of police, such appointments to take effect upon assignment.

Immediately prior to July 20, 1923, a vacancy occurred in the position of captain by reason of the retirement on a pension of Captain Deyo and on that date the police commissioner assigned the defendant Kelliher as captain of police.   By reason of a vacancy occurring prior to August 29, 1923, by the retirement of Captain Collier upon a pension, the defendant Quinn was, on such date, assigned as captain, and by reason of the retirement on a pension of Captain Randalls immediately prior to September 10, 1923, the police commissioner, on the last-mentioned date, assigned the defendant Brady as captain.

At the time these appointments and assignments were made no new examination for the position or rank of captain had been held by the municipal civil service commission and in fact no such examination had been held prior to the making of the opposing affidavit in this proceeding by Municipal Civil Service Commissioner Drennan on November 14, 1923.

The reason given by Commissioner Drennan for not holding such examination is that " owing to the difficulties in ascertaining proper credits to be allowed to candidates for promotion for service in the World War the establishment of a new list of persons eligible for promotion to the position of Captain in the Police Department has necessarily been delayed and no examination has as yet been held."

The appellant sought to secure a temporary injunction to restrain the city officials from paying the salary of captain to the three respondents (William Kelliher, Edward J. Quinn and Patrick Brady), and the motion was denied.

No question whatever is raised as to the competency, efficiency or complete qualifications for the discharge of their duties as captain by the three respondents, whose records, as they appear in this record, are admirable and demonstrate their fitness for the positions sought to be assigned to them. But it is contended by the appellant that after June 26, 1923, there was no eligible list in existence from which appointment to " captain " in the police department could be made, and that the police commissioner was without authority to make appointment to the position of captain except in accordance with the Civil Service Law and rules; that is, the position of captain can be filled only by temporary assignment in the absence of an appropriate eligible list as is provided by law. It also contended that the appointing officer may not make an appointment to a position to take effect after the expiration of the eligible list which in effect would prolong the life of such a list contrary to the provisions of law.

In all of these contentions I think the appellant is correct. The police commissioner was without power to extend the life of the eligible list beyond the statutory limit of four years, which is the practical effect of the action taken by him herein. In *People ex rel. Walter* v. *Kaplan* there was an application for a peremptory writ of mandamus to compel the civil service commission to certify the names of the relators for promotion to the rank of lieutenants in the fire department. On the original motion, Mr. Justice FABER, in his opinion denying the motion, said (N. Y. L. J. Sept. 27, 1921): " The period during which the eligible list had legal existence has expired; there is now no eligible list, and the same statutory enactment which effectively created relator's rights in the premises has just as effectively destroyed them. As to the relator, it is as though there had never been an eligible list or as though the eligible list had not contained his name."

Upon a reargument of the motion the same justice said (117 Misc. Rep. 261): " The eligible list does not create an absolute, vested legal right, which continues for an indefinite period, but only a qualified right to be certified, with two others, as eligible for appointment. And the certification, when made, remains in force only a limited period of time, and in any event does not extend beyond the life of the eligible list. Rule 11, subd. 5. Thus, when the eligible list expires, the quality of eligibility for appointment ceases and the potency of the certification is destroyed. Jurisdiction is then gone and any official action on the expired list is nugatory. Such was the rule at common law where a statute was repealed or expired by its own limitation. Endl. Stat. § 479. Radical changes in the former rule are now effected by the General

Construction Law (§§ 93, 94). See, also, McKinney's Consol. Laws, Book 1, Report of Consolidators Statutes and Statutory Construction, §§ 181, 182. Sections 93 and 94 cited have reference to legislative repeals. Conceding that civil service rules have the force and effect of statutes, it is doubtful if these sections preserve any rights under an expired eligible list. The purpose of these sections was to prevent the injustice growing out of the common-law doctrine as to the effect of a common-law repeal. But eligible lists under the Civil Service Law are not repealed. The duration of their life is fixed by statute and they expire by operation of law at the period so fixed. And every person having rights thereunder is chargeable with notice that the continuance of such rights is limited by the duration of the life of the lists."

Here we have a situation where, when the time came for the expiration of the eligible list by statutory limitation, there was no existing vacancy to which any one of the three respondents could be appointed. To permit the appointing power, on the eve of the enforced death of such a list, to take men therefrom and assign them to a then non-existent vacancy, the time of happening of which was entirely speculative, would be to open the way to grave evasions of the Civil Service Law. The respondents had no right to an appointment after the four-year period had expired; neither the statute nor the existence of the list conferred any privilege upon them beyond the assigned term. An appointment from the eligible list, to be effective, must be to an existing vacancy, or to one which is about to occur, before the four-year period of life of the eligible list will expire.

No mere temporary emergency in the police department, nor even a continuing one, could operate to annul the plain provisions of the Civil Service Law. Not even the absence of an eligible list would warrant such an appointment being held legal; all it could do would be to authorize the appointment of persons to act as captains, pending the establishment of an eligible list.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion for a temporary injunction granted, to the following extent:

1. Against Richard E. Enright, as police commissioner, enjoining and restraining him from submitting or causing to be submitted to the comptroller payrolls for moneys to be paid to the aforesaid William Kelliher, Edward J. Quinn and Patrick Brady as " captains " of police.

2. Against Abraham Kaplan, President, William Drennan and Ferdinand Q. Morton, as members, constituting the municipal civil service commission of the city of New York, enjoining and

restraining the said commission and the individual members thereof, as commissioners or president, from certifying or causing to be certified on payrolls submitted for payment of moneys to the aforesaid William Kelliher, Edward J. Quinn and Patrick Brady as " captains " any certificates authorizing or sanctioning such payment.

3. Against the comptroller of the city of New York restraining and enjoining him from drawing or causing to be drawn warrants for the payment of the wages or salary to the aforesaid William Kelliher, Edward J. Quinn and Patrick Brady as " captains " of police.

4. Against Philip Berolzheimer, as chamberlain, enjoining and restraining him from paying or causing to be paid any warrants drawn for the payment of moneys to the aforesaid William Kelliher, Edward J. Quinn and Patrick Brady.

CLARKE, P. J., SMITH, MERRELL and McAVOY, JJ., concur,

Order reversed, with ten dollars costs and disbursements, and motion granted as indicated in opinion.   Settle order on notice.