WILLIAM J. SCHIEFFELIN, Plaintiff, *v.* WILLIAM KELLIHER and Others, Defendants.

Supreme Court, New York Special Term, March 20, 1925.

Civil service — injunction to restrain payment of salaries following promotions in police department of city of New York authorized by General City Law, § 15-a (as added by Laws of 1924, chap. 643) — said act renders Civil Service Law nugatory and is unconstitutional as violative of State Constitution, art. 5, § 9.

Section 15-a of the General City Law, as added by chapter 643 of the Laws of 1924, authorizing promotions in the police department of the city of New York by the police commissioner therein, renders nugatory the provisions of the Civil Service Law, and is unconstitutional within the spirit of article 5, section

9, of the State Constitution; therefore, plaintiff's motion for an injunction *pendente lite* to restrain the payment of salaries following promotions in the police department of said city, authorized by the aforesaid statute, should be granted.

MOTION by plaintiff for injunction *pendente lite*.

*Leonard M. Wallstein*, for the plaintiff.

*George P. Nicholson*, Corporation Counsel, for the defendants Craig and others.

*Hartman, Sheridan & Tekulsky*, for the defendants Kelliher and others.

WAGNER, J.:

This action has been brought to restrain the payment of salaries claimed to be authorized under chapter 643 of the Laws of 1924, which adds a new section (§ 15-a) to the General City Law concerning promotions in the police force.

It is obvious from a mere reading of this section that the law was passed to circumvent the results of the decision in *Brown* v. *Craig* (209 App. Div. 11) and in intent as well as effect is special legislation, although drafted in general terms. As such, I think it comes within the criticisms set forth in *Barlow* v. *Craig* (210 App. Div. 716). The fact that the court in that case passed upon an act which added a section to the Greater New York charter, and the case at bar involves an addition to the General City Law, is not, I think, material, since the basis of the court's decision was, *first*, that " the statute under consideration is plainly an attempt through special legislation to evade the constitutional requirements and the Civil Service Law; " and, *secondly*, that " one whose efforts secure for him a position upon a list for promotion in a municipal department is entitled to consideration and protection in such position. It is wholly unfair to endeavor, by special legislation, to prefer another who may have unsuccessfully attempted to secure the appointment through the ordinary and approved tests required by the Civil Service Law and rules, enacted to require compliance with the provisions of the Constitution."

The act under consideration recognizes the propriety of ascertaining merit and fitness for promotion by competitive examination, and then permits the police commissioner to destroy the results of competition by personal selection. It does not, either in language or effect, reclassify; it changes none of the civil service requirements; on the contrary, it reaffirms them, only, however, to nullify their effect. The act does not amend or alter the provisions of the Civil Service Law, and yet it renders them nugatory by basing promotion on the police commissioner's discretion. It does not

remove the position from the classified list, but it exempts individuals at the will of the commissioner. To speak of giving the police commissioner " discretion " is unconvincing, where his judgment and choice are to be limited by seven carefully enumerated conditions, all of which apply peculiarly and perhaps exclusively to the police defendants. Not only exemptions and classifications, but requirements must have some basis in reason and practicability.

Special technical positions may require peculiar specifications, but a statute setting up peculiar specifications without such foundation is clearly discordant with the spirit of article 5, section 9, of the New York State Constitution, and not such a law as will " provide for the enforcement of this section." Since I hold the view that the act in question is a nullity, because violative of the civil service provision of our State Constitution, it becomes unnecessary to consider whether it also contravenes article 12, section 2, known as the Home Rule Amendment, although it would require one to draw upon the imagination and defy reason to reach the conclusion that the law in question is other than local in purpose and effect and pertaining only to the affairs of the city of New York. It seems probable that there is only one city which has a single police commissioner, and I am not persuaded that the language of the act warrants its application to a police board or commission. Hence the law, though general in terminology, is local and special in effect.

The motion is granted. Settle order on notice.