WILLIAM JAY SCHIEFFELIN, Plaintiff, *v.* WILLIAM KELLIHER and Others, Defendants.

Supreme Court, New York County, June 2, 1928.

**Municipal corporations — police — action to restrain comptroller of city of New York from paying salaries to defendants as police captains — defendants were on eligible list for police captain, which expired by limitation of time on June 26, 1923 — prior to expiration of list, they were appointed captains and took oath of office — appointments were made to become effective " when assigned "— defendants were not immediately assigned to any precincts because there were no vacancies existing — vacancies existed under Greater New York Charter, § 291, when other captains were promoted to deputy commissioners — affirmance by Appellate Division of temporary injunction order not bar to motion for modification — injunction modified.**

On this application to modify an injunction in a taxpayer's action to restrain the comptroller of the city of New York from paying salaries to defendants as captains of the police department of the city of New York, it appears that the defendants were on the eligible list for police captains which expired by limitation of time on June 26, 1923. On that date, and prior to the expiration of the list, they were appointed captains and took their oath of office. Their appointments were made with the proviso that they were to become effective " when assigned," and because there were no known vacancies existing they were not assigned to any precinct until more than a month had passed. The Appellate Division subsequently granted an injunction restraining the payment of their salaries on the ground that their appointments on the date the eligible list expired, without any definite vacancies, were a mere subterfuge to extend the list, and were, therefore, illegal. To relieve the defendants of the situation in which they found themselves, the Legislature, by chapter 643 of the Laws of 1924, passed an act, pursuant to which defendants were reappointed, and this action was then begun to restrain the payment of their salaries on the ground that the act, under which they were appointed, was unconstitutional. The Appellate Division affirmed a temporary injunction order which was obtained in this action.

The order of affirmance by the Appellate Division in the present action is not a bar to the defendants' motion for modification.

Section 291 of the Greater New York Charter requires a finding that three police captains, who qualified as deputy police commissioners, vacated their offices as captains, so that vacancies existed. Therefore, defendants must be regarded as having a sound position on this application for the modification of the injunction order.

Accordingly, the temporary injunction order is modified so as to limit its operation to restraining the payment of salaries to defendants, as captains of police, under their reappointments pursuant to the unconstitutional act of 1924.

MOTION by certain defendants to modify injunction granted in taxpayer's action.

*Leonard M. Wallstein* [*Leonard M. Wallstein* and *Ralph M. Frink* of counsel], for the plaintiff.

*John J. Curtin* [*Wesley S. Sawyer* of counsel], for the defendants Kelliher, Quinn and Brady.

*George P. Nicholson, Corporation Counsel* [*Arthur J. W. Hilly* and *Arthur Sweeney* of counsel], for other defendants.

LEVY, J. This is an application by the defendants Kelliher, Quinn and Brady to modify a certain injunction granted in a taxpayer's action restraining the comptroller of the city of New York from paying salaries to them as captains in the police department of the city. To fully appreciate the situation which gave rise to the action and the present application, it seems necessary to recur to a previous taxpayer's suit entitled *Brown* v. *Craig,* which is also pending, and in which a similar injunction order was granted. Kelliher, Quinn and Brady were on the eligible list for police captain which expired by limitation of time on June 26, 1923. On that day and prior to the expiration of the list they were appointed captains by the then police commissioner and immediately thereafter each took his oath of office. Their appointment, however, was made with the proviso that it was " to take effect when assigned." At the time there were no known vacancies existing and they were not assigned to any precincts until a month or two later.

A taxpayer thereupon instituted an action for injunction to restrain the payment of their salaries on the ground that there were no vacancies in the office at the time of their appointment. The motion for a temporary injunction in that litigation was denied, but the Appellate Division (*Brown* v. *Craig,* 209 App. Div. 11) reversed the order, granted an injunction *pendente lite,* and held that the appointment on the date the eligible list expired without any definite vacancy was a mere subterfuge to extend the life of the list and was, therefore, contrary to law. At the time the action was begun and the matter was thus determined, it was generally assumed that there were no vacancies actually existent. Very likely with this in mind, the Legislature passed an act (Laws of 1924, chap. 643) designed to furnish relief to the moving parties whose appointment, as we have seen, had been declared illegal, and they were thereafter reappointed police captains under the authority of that statute.

The present action was thereupon commenced to restrain the payment of salary on the ground that the act under which they were reappointed was unconstitutional. A temporary order of restraint was secured on March 20, 1925 (*Schieffelin* v. *Kelliher*, 125 Misc. 305), which was affirmed without opinion by the Appellate Division (215 App. Div. 770), and leave was granted to appeal to the Court of Appeals on the 29th day of January, 1926. This appeal has never been prosecuted, nor has the action been noticed for trial.

In opposition to the present application numerous objections are urged by the plaintiff. The chief among them is that this court at Special Term is asked to modify an injunction order granted by the Appellate Division, and that the proper remedy available lies in the appeal to the Court of Appeals. A reading of the order of the Appellate Division granting such leave manifests a recital to the effect that the order entered in *Brown* v. *Craig*, dated April 11, 1924, was vacated by this court on the ground that under the issues raised by the amended answers of the given defendants, the action was not a proper one for injunction. While it is true that owing to a clerical error the order of vacature was not entered until some time later, nevertheless it appears to be recognized by the Appellate Division that the injunction order in that action is no longer in force. It, therefore, remains to be considered whether the order of affirmance by the Appellate Division in the present action is a bar to the motion for modification.

The original answers in *Brown* v. *Craig* admitted that there were no existing vacancies on June 26, 1923, to which the moving parties could have been appointed. At the time such answers were interposed it was assumed by all parties that John Daly, John C. Cray and Joseph A. Faurot, who had been police captains and at the time acting as deputy police commissioners on leave from their duties, were still legal incumbents of the former position.

The state of the law on the subject had not yet been clarified by the decision of the appellate courts in interpreting that part of section 291 of the Greater New York Charter which provides that " any police commissioner, or any member of the police force, who shall, after qualifying in office, accept any additional place of public trust * * * shall be * * * deemed thereby to have * * * vacated his office." True it is that in *Schieffelin* v. *Lahey* (122 Misc. 358) the principle had been applied to a similar situation in establishing the rule of automatic vacature of the office of police captain by the acceptance of the office of deputy police commissioner, but that determination had not yet been passed upon by the Appellate Division at the time the application for the instant injunction order was submitted. As soon as the Appel-

late Division affirmed the Special Term (*Schieffelin* v. *Lahey*, 213 App. Div. 865), the three defendants specified amended their answers in *Brown* v. *Craig* by denying the allegation that no vacancies existed, and upon this occurring this court at Special Term vacated the injunction order in that cause.

When argument on the injunction order in the present action came up originally, practically the sole question which appears to have been considered was the constitutionality of the legislative act of 1924 under which, as already observed, the defendants named were reappointed. It must be admitted that the answer here contains a rather weak denial of the allegation of the complaint that there were no vacancies on June 26, 1923. But as Kelliher and his associates had been reappointed under the statute of 1924, they seem not to have presented the question of the existence of vacancies on that date in their affidavits, *first*, because that fact appeared to have been eliminated from the issues, and *secondly*, because it had not as yet been squarely settled by the higher courts. While the matter was argued to some extent in the briefs, it nevertheless was not presented as a clear-cut issue, with the background of enlightenment on the subject developed by the later decision of the Court of Appeals in *Schieffelin* v. *Lahey* (243 N. Y. 102). These defendants, therefore, must be said to have a sound position upon this application for modification, for the following reasons: Daly, Cray and Faurot had *ipso facto* terminated their respective offices by their acceptance of the appointment of deputy police commissioners. As is said in McQuillin on Municipal Corporations (§ 478): " When once legally filled, the office does not become vacant until, (1) the term expires, or, (2) the office is legally abolished, or, (3) the incumbent dies, or, (4) resigns, or, (5) is legally removed, or (6) *fails to continue to possess the qualifications prescribed by law.*" (Italics mine.)

Under the charter of the city and the principles enunciated, obviously there were three existing vacancies in which the persons appointed " subject to assignment " could have been placed. It may well be that in the absence of actual assignment on June 26, 1923, the existence of the vacancies might be of no avail to them. Regardless of whether this is so or not, this phase of the matter need not be passed upon now. It is significant, however, that the three appointees took their oath of office on that very day, and prior to the expiration of the eligible list. In the language of McQuillin (*supra*, § 477): " The term of office begins of course, on the date prescribed by law, but if the law is silent on this point, *it commences when the officer qualifies in the manner provided, as* by giving bond, or *taking the oath of office.*" (Italics mine.)

If such arguable questions, therefore, appear to exist, and necessarily they could not have been fully developed upon the original motion for the order of injunction, a situation is presented which might move the court to grant relief to those who have been performing the duties of police captain and have received no remuneration since March 23, 1925, the date of the temporary injunction order. It seems to me this is particularly so where the plaintiff has made no effort whatever to advance the cause for trial. He urges, however, that he was awaiting the decision of the Court of Appeals which, as he argues, would have obviated the necessity of a formal trial, and that the defendants are, therefore, at fault in failing to bring the matter on for argument.

A study of the question certified indicates that the issue could not be finally disposed of by the determination of the Court of Appeals. There were two matters certified, but the second, involving the constitutionality of the legislative enactment of 1924, may be immaterial at the moment. The first question, which is very comprehensive, seems to raise the issue of whether Kelliher and his associates are barred by their original admission in the pleading in the action of *Brown* v. *Craig* from litigating in this action the contest presented by their denial of the allegations of the complaint in that direction. As, however, the appeal to the Court of Appeals must be on the basis of the motion papers made and submitted early in 1925, when the legal status in respect to the three vacancies had not yet been definitely determined, it is not entirely just to rest the fate of Kelliher and those litigating with him jointly upon the state of facts and the resulting interpretation of the law as it existed at that time, a condition which, as already pointed out, excused them from urging the full facts of the existence of such vacancies in their affidavits in opposition.

Certain other questions are here advanced by the plaintiff, such as the revocation of the original appointment of Kelliher, Quinn and Brady by the police commissioner and their acquiescence therein. The full facts relating to that feature may better be reserved for the trial of the action.

The motion is, therefore, granted to the extent of modifying the temporary injunction order so as to limit its operation to restraining the payment of salaries as captains of police to Kelliher, Quinn and Brady under their reappointment pursuant to the unconstitutional act of 1924. Settle order.