726

BLANCHE HURLEY, Plaintiff, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK and Others, Defendants.

LOUIS CIACCIA, Plaintiff, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK and Others, Defendants.

Supreme Court, New York County, December 13, 1934.

*Harry A. & Eric C. Gordon,* for the plaintiffs.

*Paul Windels, Corporation Counsel,* for the Board of Education.

*Austin B. Mandel,* for the defendants Hanley and Faase.

*Ross & Ross,* for the defendant McSweeney.

*Daniel A. Shirk,* for the defendant Moscowitz.

CALLAHAN, J. These are two actions for injunctions restraining the board of education from making appointments from certain civil service lists. Plaintiff Hurley is No. 1 of the women on an eligible list for attendance officer, which was promulgated on July 8, 1932. Plaintiff Ciaccia is No. 2 of the men on an eligible list for supervising attendance officer, which was promulgated on December 15, 1933. These lists will be referred to as the " new lists."

Prior to the promulgation of these new lists, and in 1928, lists had been promulgated for like positions. These lists will be referred to as the " old lists." Several persons on these old lists have been joined as defendants on their own application by order of this court. Under the provision of the then existing statute these old lists would have continued in force for three years from the date of their promulgation. These dates of expiration would have been May 25, 1931, for the old list of attendance officer and June 2, 1931, for the list of supervising attendance officer. In April, 1931, the Legislature extended the existence of these old lists for another year, or to May 25, 1932, and June 2, 1932, respectively. By chapter 146 of the Laws of 1933, effective April 8, 1933, the Legislature added the following section to the Education Law:

" § 871-b. Notwithstanding any provision contained in this chapter to the contrary, in a city having a population of one million or more, the term of eligibility of the eligible list of candidates for appointment as member of the board of examiners which was in force on the fifteenth day of May, nineteen hundred thirty-two, and the term of eligibility of all open competitive, and promotion eligible lists prepared by the board of examiners of the board of education of said city, (a) which were in force on the fifteenth day of May, nineteen hundred thirty-two, or (b) which are in force on the date this act becomes effective, shall be extended for a period of four years after the expiration of the term of eligibility which was fixed or is fixed for such eligible lists. This section shall not apply to a principals' eligible list."

Plaintiffs contend this statute violates both the State and Federal Constitutions. They contend that it offends against the provisions of section 6 of article 5 of the State Constitution which provides:

" Appointments and promotions in the civil service of the State, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive; * * * Laws shall be made to provide for the enforcement of this section."

The plaintiffs also contend that the statute deprives them of the right to equal protection of the laws and thus violates section 1 of the Fourteenth Amendment of the Constitution of the United States.

By consent in open court on the argument of these motions both sides agreed that the prayer of the plaintiffs for declaratory judgment be eliminated and that defendants' answers be withdrawn, and both sides moved for judgment, plaintiffs asking for a permanent injunction and defendants for judgment dismissing the complaint. There is no dispute as to the facts. None of the lists are attacked on any other ground than that of the alleged illegality of the Legislature's extension of the old lists. The defendants concede that they intend to make appointments to existing vacancies from both of the old lists as extended. The only difference between the two cases is in the dates of promulgation of the lists involved and the fact that some appointments have been made from the new lists of attendance officers, whereas no appointments have been made from the new list of supervising attendance officer.

Plaintiffs' claim of violation of the State Constitution is that in so far as the statute attempts to revive lists which had expired and authorizes the making of appointments therefrom the constitutional requirements for appointment based on merit and fitness and requiring ascertainment of such merit and fitness by competitive examination, have been violated. Of course, unless the Legislature did offend against these constitutional limitations in passing chapter 146 of the Laws of 1933, plaintiffs must fail as the legislative power is plenary except as withheld in the Constitution.

It will be noted that the statute complained against only extended the term of eligibility of candidates on lists duly promulgated under civil service regulations for competitive examinations. It did, however, attempt to extend or revive lists which had ceased to be in force after May 15, 1932, a date prior to the passage of the act, as well as to extend lists still in force at the time of the passage of the act. It is the attempt to do the former or revive " expired " lists which plaintiffs complain against. Both of the old lists involved herein were in this category. The question thus narrows itself to whether the Legislature had the power to revive the life of a list which, by the terms of a prior legislative act, had ceased to be in force ten months before.

The effect of the legislation attacked was to make these old lists which were created in 1928 expire in 1936. If the original provision affecting such lists had been that the term of eligibility thereof be eight years instead of three this provision could hardly be said to offend the requirement of the Constitution for selection by merit and fitness. The Legislature would have the right to fix such a term for the life of these lists as it saw fit, at least, to the point where it was clear that merit and fitness must be so affected by the passage of time as to demand new competitive examinations. The period fixed by the act involved herein cannot be said to be such that it would be compulsory to hold that a list of such age must have lost all regard to merit and fitness prior to the date of expiration. The inquiry is not whether the Legislature acted wisely or unwisely in fixing such a term. Courts may not substitute their judgment for that of the Legislature on such a question. If discretion is involved it is the discretion of the Legislature and not that of the courts which is to be applied. Nor is it controlling that one Legislature fixed a different period of eligibility from that fixed by another. Without discussing the changes that have occurred during the last few years in matters affecting the number of appointments made from existing eligible lists, it is evident at least that the legislative viewpoint as to the propriety of the proper period to fix may well have been altered. Nor do I see any constitutional limitation prohibiting the Legislature from reviving a list which has expired, assuming that that list did expire, as long as the list revived had been created as the result of competitive examination whereby merit and fitness were ascertained. Retroactive statutes are not *per se* invalid. (*Burch* v. *Newbury*, 10 N. Y. 374.) They must destroy vested rights in order to be so. One on an eligible list is not deemed to have any vested right of appointment. (*People ex rel. Perrine* v. *Connolly*, 217 N. Y. 570.) The act complained of did nothing to permit special preferment of one applicant over another at the mere discretion of the appointing power as did the acts involved in the case of *Schieffelin* v. *Kelliher* (125 Misc. 305; affd., 215 App. Div. 770), or that in *Barlow* v. *Berry* (245 N. Y. 500), which are relied on by plaintiffs. Nor is the case of *Brown* v. *Craig* (209 App. Div. 11) authority in support of plaintiffs' contentions. There the appointments were attempted to be made after the expiration of the lists without any legislative sanction.

The claims of violation of the Federal Constitution are without any merit. Assuming that plaintiffs had rights which were to be protected within the meaning of the section, the eligible lists on which they found themselves were extended for the same period as were the old lists. This was equal protection. The provision

in another part of the statute, in existence for many years, that old lists still valid were to be used in preference to new lists, gave no individual a preference.

There appears to be no basis for the plaintiffs' claims that chapter 146 of the Laws of 1933 violates either the State or Federal Constitution.

The motions of plaintiffs are denied and that of defendants for judgment dismissing the complaint granted.

Settle order.