In the Matter of the Application of WILLIAM H. WOODS, Respondent, for an Order of Mandamus against JAMES E. FINEGAN and Others, Constituting the Municipal Civil Service Commission of the City of New York, Appellants.

First Department, February 7, 1936.

*Edmund L. Palmieri* of counsel [*Paxton Blair* with him on the brief; *Paul Windels, Corporation Counsel,* attorney], for the appellants.

*J. M. Lonergan* of counsel [*Stanley Bogart,* attorney], for the respondent.

COHN, J.  The municipal civil service commission of the city of New York properly exercised its discretion in disapproving the application of the petitioner for a transfer from his present position of inspector of foods in the department of health to the position of inspector of foods (meat and poultry) in the department of finance.

The petitioner entered the service of the department of health on March 16, 1927, under the title of inspector of foods (milk — country), grade 2, which, on December 6, 1934, was changed to that of inspector of foods, grade 2.  It is to be noted that the position to which petitioner seeks to be transferred carries the different title of inspector of foods (meat and poultry).  The duties of petitioner's present position pertain to the inspection of sources of milk supply coming into the city of New York from upstate rural districts.  The competitive examination for his present position required no knowledge or ability in the matter of inspection of meats and poultry.  Apart from other consideration, therefore, the defendants' refusal to approve the petitioner's request for a transfer was warranted, as the essential tests and qualifications for the position to which petitioner desires to be transferred are different from those of the position which he now holds.  A transfer under such conditions is specifically prohibited by statute.  (Civil Service Law, § 16; *Matter of O'Connell* v. *Clark,* 200 App. Div. 606.)  It is also barred by the rules of the municipal civil service commission (Rule III, § III, subd. 1-[a]) which rules have the power and effect of law.  (Civil Service Law, § 6.)

The petitioner is not aided by the fact that in 1927 he passed a civil service examination and was thereafter placed upon the eligible list for the position of inspector of foods (meat and poultry), as it appears that in the year 1932, and before petitioner's name was reached for certification or appointment, it had expired by

operation of law. Patently, the petitioner retained no rights under that list in the year 1935, when he applied for this transfer. Except by legislative enactment, the life of an eligible list may not, either directly or indirectly, be extended beyond the statutory period of four years. (*Brown* v. *Craig*, 209 App. Div. 11; Civil Service Law, § 14.)

There is here no showing that the municipal civil service commission abused its discretion or acted arbitrarily in refusing to sanction petitioner's application for a transfer, particularly in view of the legal impediment. Under a most favorable interpretation of the facts, the petitioner failed to establish that he had a clear legal right to the relief he seeks. The granting of the application for a peremptory order of mandamus was accordingly unauthorized.

The order appealed from should be reversed, with twenty dollars costs and disbursements, the motion denied, and the proceedings dismissed.

MARTIN, P. J., O'MALLEY, UNTERMYER and DORE, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied and the proceedings dismissed.