In the Matter of DANIEL M. CASH et al., Petitioners, against SPENCER C. BATES et al., Constituting the State Tax Commission, et al., Respondents.

Supreme Court, Special Term, Albany County, April 26, 1949.

*David P. Siegel* for petitioners.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown* and *Kent H. Brown* of counsel), for respondents.

BOOKSTEIN, J. Petitioners were placed upon an eligible list for the position of motor vehicle license examiner, which list was promulgated and established in February, 1944. Having a veteran's disability rating of 10% or more they were accorded the preference on such list to which that rating entitled them. Other disabled veterans with zero disability ratings were accorded the same preference.

Subsequently certain disabled veterans with a disability rating of 10% or more and who were on said eligible list instituted proceedings in this court, which sought a determination to the effect that the veterans with a zero per cent disability rating were not entitled to the same preference as those with a disability rating of 10% or more. That contention was overruled and the petition dismissed. (*Matter of Barry* v. *Chapman,* 189 Misc. 928.) An appeal was taken from that determination, but before the appeal was argued, the Court of Appeals, in *Matter of Carey* v. *Morton* (297 N. Y. 361), sustained the contention which had been made by the petitioners in the *Barry* case (*supra*). Accordingly, on stipulation, an order of reversal was made by the Appellate Division in the *Barry* case and that proceeding was discontinued.

The grievance of some or all of the petitioners in the *Barry* case was thereafter adjusted in some manner, the precise nature of which does not appear and is of no consequence, in view of the determination arrived at by this court in this proceeding.

Whatever rights or privileges petitioners have or had flowed exclusively from their certification to the eligible list promulgated in February, 1944. The list expired in February, 1948. (Civil Service Law, § 14, subd. 7.) Concededly this proceeding was instituted thereafter. When that list expired, the rights and privileges of petitioners under the Civil Service Law and their qualifications as eligibles expired. (*Matter of Woods* v. *Finegan,* 246 App. Div. 271; *Brown* v. *Craig,* 209 App. Div. 11.) By the same token, they were deprived of any qualification to contest the validity of any appointments to civil service positions, for which they can demonstrate no personal claim in a proceeding such as this. (*People ex rel. Huber* v. *Adam,* 116 App. Div. 613; *People ex rel. Walter* v. *Kaplan,* 117 Misc. 257.)

However, petitioners contend that at or about the time when the *Barry* proceeding was instituted and before the aforesaid eligible list expired, they were informed that respondents took the position that it was unnecessary for them to bring suit or

to join the petitioners in the *Barry* case for the protection of their rights and that they relied upon such statements and representations by the respondents to them in failing to institute an independent proceeding or to join the petitioners in the *Barry* proceeding, while they still had a right to do so, in point of time.

For present purposes, this allegation is assumed to be true and petitioners contend that by reason thereof, there is an equitable estoppel against the respondents asserting, as a bar to this proceeding, the expiration of the eligible list.

Assuming that the doctrine of equitable estoppel is applicable to these respondents by reason of their alleged statements and representations, it cannot be successfully invoked in this instance. In the cases cited by petitioner in which the doctrine was successfully invoked, the public authority involved still possessed the right to do the acts sought to be required of it. Here no such right exists. When the eligible list has once expired, it cannot be extended by the Legislature, except by a law enacted prior to its expiration. The Legislature is precluded from so doing by the Constitution. (N. Y. Const., art. V, § 6; *Hurley* v. *Board of Education of City of N. Y.*, 270 N. Y. 275; *Matter of Carow* v. *Board of Education*, 272 N. Y. 341.) The Civil Service Commission is precluded from so doing by law. (*Brown* v. *Craig, supra.*) The court is powerless to do so. (N. Y. Const., art. V, § 6.)

Since the eligible list which gives petitioners their rights has expired, those rights have also expired. To grant the remedy which they seek, this court would have to extend the life of the eligible list, which the court has no power to do.

Mandamus will not lie to compel a public officer to do an act which, by law, he has no power or right to do, even if the want of power is the fault of the public officer to whom the order of mandamus is directed. (*People ex rel. Walter* v. *Kaplan, supra.*)

However sympathetic the court may be with the situation in which petitioners find themselves, whether the result of their own neglect in proceeding in due season or the result of reliance on alleged statements that the institution of proceedings was unnecessary to preserve their rights, the ultimate fact is that the rights have been lost and this court is without power to restore or revive them.

The petition is dismissed.

Submit order.