In the Matter of MEYER L. ARON et al., Petitioners, against EDWARD CORSI, as Industrial Commissioner, et al., Respondents.

Supreme Court, Special Term, Albany County, January 6, 1950.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown* and *Herman N. Harcourt* of counsel), for respondents.

*Schaffer & Brown* for petitioners.

BOOKSTEIN, J. Petitioners seek an order directing respondents to correct their records to show that all of the petitioners hold permanent positions as assistant interviewers in the Division of Placement and Unemployment Insurance, Department of Labor and restraining respondents from certifying for appointment or appointing any other persons to the positions held by petitioners.

Respondents move to dismiss the petition under section 1293 of the Civil Practice Act as insufficient in law upon its face and because the proceeding is barred by lapse of time under section 1286 of the Civil Practice Act and by laches.

For the purpose of such a motion, the facts alleged in the petition are assumed to be true. (*Matter of Schwab* v. *McElligott*, 282 N. Y. 182, 185–186.)

All of the petitioners took and passed an open competitive examination for their positions and were placed on the resulting eligible list which was published and promulgated by the respondent Civil Service Commission on April 6, 1943.

At various times between October 1, 1945, and March 16, 1946, each of the petitioners was appointed to his position from said eligible list, each of such appointments being temporary, in some cases for no specified duration and in others for a period of from one to six months.

Each of the petitioners has served continuously from the time of his appointment to the present, such periods of service

varying from more than two and one-half to more than four years, without any other or further action, appointment or certification by respondents.

While petitioners have been serving under their temporary appointments, the eligible list from which they were temporarily appointed expired, the date of such expiration being April 5, 1947.

The services of petitioners have never been terminated nor have their positions been abolished or eliminated.

On this state of facts, petitioners claim their appointments are permanent and not temporary.

On July 23, 1949, respondent Civil Service Commission held an examination as a result of which a new eligible list will be promulgated from which permanent appointments may be made to the positions now held by petitioners, on the ground that the appointments of petitioners are temporary and not permanent.

Appointments in the competitive civil service of the State fall into four categories, to wit, provisional, temporary, probationary and permanent.

A provisional appointment is made when no list has been established and pending the promulgation of an eligible list, with a limitation of the tenure of the provisional appointee. (Civil Service Law, § 15, subd. 3.)

A temporary appointment is made from an eligible list, without regard to standing on such list. Such an appointment may be made for a period exceeding one month under the following circumstances only: (a) When an employee is on leave of absence, a temporary appointment to such position may be made for the duration of such leave of absence, not exceeding one year; (b) A temporary appointment may be made for a period not exceeding six months when it appears to the commission, upon due inquiry, that the position will not continue in existence for a longer period; provided, however, that if temporary appointment is made for a period exceeding one month, it shall be made by the selection of one of the three persons standing highest on an appropriate eligible list, who are willing to accept such temporary appointment. Successive temporary appointments shall not be made to the same position. (Civil Service Law, § 15, subd. 3.)

" Every original appointment to a position in the competitive class shall be for a probationary term of three months * * *. The appointment shall become permanent upon the retention of the probationer after the end of the probationary term; * * *." (Rules for the Classified Civil Service, rule XII.)

In other words, every original permanent appointment is in the first instance for a three months' probationary period.

There is no claim here that at the time petitioners were appointed, such appointments were either provisional, probationary or permanent.

Concededly, they were temporary but petitioners contend that since their period of employment was for considerably more than the six months maximum fixed by law for a temporary position, they are permanent rather than temporary appointees.

Petitioners' proceeding in form is to require a correction of the records so as to show that petitioners are permanent appointees. Since, concededly, petitioners were appointed as temporary appointees, the records of respondents are correct and there is no justification for an order to correct them. What petitioners really seek is an order to alter or amend the records, to recite that they are permanent appointees. Their claim to permanency is not based on any assertion that their original appointments were anything but temporary but rather on the proposition that they either were appointed as temporary employees for longer periods than permitted by statute or that they have served for so long a period that their temporary appointments have ripened into permanent ones or that their original appointments should have been classed as permanent because subdivision 3 of section 15 of the Civil Service Law provides that a temporary appointment may be made for a period not exceeding six months, only when it appears to the commission, upon due inquiry, that the position will not continue in existence for a longer period, and no such inquiry was made prior to or at the time of the appointments of petitioners.

The date of appointments of each petitioner does not appear; neither does there appear the period for which each was appointed temporarily. The earliest appointment was of petitioner Foster on or about October 1, 1945, and the latest appears to be Hallock, about March 16, 1947.

In *Matter of Hilsenrad* v. *Miller* (284 N. Y. 445) the applicant was a temporary employee and he was retained for ten months. He contended that such retention entitled him to the legal right of tenure which is incident to permanent civil service classification. The court held that the appointing officer had no authority to make a temporary appointment for a longer period than the statute allowed and that such unauthorized appointment does not permit the temporary appointment to ripen into a permanent one. The *Hilsenrad* case (*supra*) is determinative of the

contention advanced in this proceeding; here, as there, the temporary appointments do not ripen into permanent ones because the temporary employees were continued beyond the period permitted by law.

If this proceeding is viewed as one to compel respondents to appoint petitioners permanently to the positions they now hold under original temporary appointments, which in essence it is, the list having expired, permanent appointments cannot now be made therefrom. (*Matter of Cash* v. *Bates*, 194 Misc. 873.)

Moreover, petitioners are guilty of inexcusable laches in instituting this proceeding more than two and one-half years after the eligible list has expired and after the lapse of periods varying from more than two and one-half to more than four years from the time of their temporary appointments.

Motion to dismiss petition granted.

Submit order.