Felix J. Aulisi, J.
This proceeding, under article 78 of the Civil Practice Act, has been instituted by petitioner for an order directing respondents to discharge John De Blasio, who is presently occupying the position in question, for restoration of that position to petitioner, together with back pay from March 5,1958.
The petitioner is an honorably discharged soldier and veteran of World War II.
On December 12, 1955, the petitioner was appointed to the position of Principal Account Clerk, pursuant to subdivision 1 of rule XI of the Civil Service Rules for the County of Schenectady. Said rule provides in part as follows: “ 1. Provisional *851 "Whenever there are urgent reasons for filling a vacancy in any position in the competitive class and there is no appropriate eligible list in existence for such position, the appointing officer may nominate a person to the Commission for non-competitive examination and if such nominee shall be certified by the Commission as qualified after a non-competitive examination, he may be appointed provisionally until selection and appointment can be made after competitive examination. Such provisional appointment shall not continue more than twenty days after an eligible list has been established for such position and in no event for a period longer than four months.”
There is no dispute here that the appointment was provisional or that petitioner was properly certified.
On January 1, 1958, petitioner’s title was changed from Principal Account Clerk to Senior Clerk. On March 5, 1958, he was summarily discharged without cause and some time thereafter, respondent John De Blasio was appointed in his place.
Provisional, appointments are made in anticipation of examination, so as to carry on the work of the position until examinations can be held. They are made with a view to the appointee’s qualifications to serve for the period of an emergency and when no list has been established and pending the promulgation of an eligible list. It is only after an eligible fist has been established that petitioner may not lawfully occupy the position for more than 20 days nor may he continue with a provisional appointment for more than four months beyond the date of the list (Matter of Marasco v. Morse, 9 Misc 2d 296; Matter of Fink v. Kern, 176 Misc. 114; Matter of Aron v. Corsi, 197 Misc. 1; Matter of Goss v. Rice, 249 App. Div. 895).
This is not a case where petitioner was replaced by one who was properly on a civil service list after having passed an examination for that position, nor is this a case where petitioner was illegally appointed or discharged because the position was being abolished, or because charges were filed and proved against him. Therefore, it is my opinion that until an eligible list is established, petitioner cannot be discharged except for the points made above. If that were not the case, we would be ignoring the purpose and effect of the civil service laws which were designed to eradicate the system of making appointments primarily from political considerations with its attendant evils of inefficiency and extravagance, and in its place to establish a merit system of fitness and efficiency as the basis of appointments to the civil service (10 Am. Jur., Civil Service, p. 922).
In passing, I might add that upon reading rule XI, it appears that the only way respondent John De Blasio could have been *852 appointed provisionally' was in the event there were urgent reasons for filling a vacancy. In this case, there were no urgent reasons, nor was there a vacancy, because the petitioner was holding down the position of Senior Clerk. The respondents created the reason by discharging the petitioner. Therefore, it is my belief that respondents contravened and nullified the meaning and intent of rule XI and that the petitioner is entitled to the relief which he seeks less the amount of wages he has received from any other employment or occupation.
An order may be submitted accordingly on Saturday, December 13, 1958, at 10:00 a.m. at the Supreme Court Chambers, Amsterdam, N. Y.