204

In the Matter of SIDNEY SINGER et al., Appellants, *v.* JOSEPH SCHECHTER et al., Constituting the Civil Service Commission of the City of New York, et al., Respondents.

First Department, November 8, 1962.

*John F. Middlemiss* of counsel (*Policarpos Ramantanin* with him on the brief; *Vincent A. Carlin,* attorney), for appellants.

*Irving Genn* of counsel (*Seymour B. Quel* with him on the brief; *Leo A. Larkin, Corporation Counsel,* attorney), for respondents.

*Per Curiam.* In a proceeding under Article 78 of the Civil Practice Act to compel respondent, Civil Service Commission, to reconsider the marks given petitioners in an examination for

Captain, Police Department, petitioners appeal from three orders.

The proceeding was instituted May 20, 1958 and was dismissed without a hearing by order entered July 31, 1958. Petitioners filed a notice of appeal from that order but did not perfect the appeal until now. On May 4, 1961 petitioners moved for a " rehearing " alleging new evidence, which motion was denied by order entered July 31, 1961. Petitioners, prior to the dismissal of the proceeding, had moved to strike portions of the answer. The motion was denied, subsequent to the dismissal, by order entered August 5, 1958. That order, too, is the subject of one of the present appeals.

Between the time of the dismissal of the proceeding and the motion for " rehearing ", this Court reversed a dismissal of the petition in a proceeding arising out of the same examination (*Matter of Cohen* v. *Schechter*, 11 A D 2d 758), remanding that case for a trial. The trial in that case took place in February, 1961 and resulted in a stipulation of discontinuance. However, it is the testimony in that trial which is the new evidence petitioners here presented on the motion for " rehearing ".

The commission argues that lack of timeliness now bars the relief sought. This argument has two branches: First, the promotion list in question has expired; second, laches bars the relief, in any event. The commission also argues that petitioners are not entitled to the relief sought, on the merits.

The testimony in the related case of *Cohen* v. *Schechter* (*supra*) raises a substantial question whether the examinations involved here were properly graded. It may be, as the commission argues, that the testimony in that proceeding is not relevant here, but that can only be determined on a full hearing. It suffices that in the *Cohen* case there was testimony suggestive of arbitrary re-marking of the examination papers after an insufficient number of applicants had achieved a passing mark in the first instance. Petitioners, therefore, are entitled to a hearing unless lack of timeliness is a bar.

This proceeding was instituted before the promotion list expired and within the four-month statutory limitation (Civ. Prac. Act, § 1286). Nevertheless the commission asserts that the automatic expiration of the list (Civil Service Law, § 56) cut off any rights petitioners otherwise had. Such a harsh result need not be considered, because even if it were true that petitioners cannot be appointed after expiration of the list, the proceeding is not rendered moot.

Moreover, the holding in *Matter of Cash* v. *Bates* (301 N. Y. 258, 261) does not force acceptance of such a result. While the

opinion in that case referred to the illegality of appointments from an expired list, it also held that the expiration of a list would not vest rights derived from invalid appointments. Thus, the case does not prevent the granting of a hearing in this proceeding. It is noteworthy, in passing, that in the *Cash* case the proceeding was brought after the list had expired (see 194 Misc. 873, for a fuller statement of the facts; see, also, *Matter of Simon* v. *Kennedy*, 5 Misc 2d 17 and cases cited).

However, that some relief available is not barred by the expiration of the list nor by a Statute of Limitations does not preclude a defense of laches (*Matter of Amsterdam City Hosp.* v. *Hoffman*, 278 App. Div. 292, 296–297; *Matter of Foy* v. *Brennan*, 285 App. Div. 669, 673). If petitioners' reliance on the discovery of new evidence is well-based, their promptness in that respect ought to be measured from the date of the discovery. The new evidence, they allege, was discovered in February, 1961 during the trial in the *Cohen* case. The most recent motion was made May 4, 1961, which would not, as a matter of law, appear to be unreasonable delay. The full hearing to be held, however, would be the appropriate forum for the defense of laches to be raised in the first instance. At that hearing it can be determined when the new evidence, upon which petitioners rely, was first available to them as well as their reasonable promptness in the prosecution of the case thereafter.

It may be that laches may also be asserted or proven with respect to prosecution of the appeals. Petitioners, of course, explain the delay in the appeals by their awaiting the results in the *Cohen* case (*supra*). That too is a matter for determination as an issue of fact.

Accordingly, the orders entered July 31, 1958, July 31, 1961 and August 5, 1958 should be reversed, on the law and the facts and in the exercise of discretion, to the extent of vacating the dismissal of the petition and remanding the proceeding for the purpose of a hearing, with leave to respondents to interpose a defense of laches, if they are so advised, with costs of the appeal to abide the event, and the orders should otherwise be affirmed.

BREITEL, J. P., STEVENS, EAGER, STEUER and BERGAN, JJ., concur.

Orders, entered on July 31, 1958, August 5, 1958 and July 31, 1961, unanimously reversed, on the law and the facts and in the exercise of discretion, to the extent of vacating the dismissal of the petition and remanding the proceeding for the purpose of a hearing, with leave to respondents to interpose a defense of laches, if they are so advised, with costs of the appeal to abide the event, and the orders are otherwise affirmed.