Chief Judge Breitel
(dissenting in part). I cannot agree with the novel proposition, supported neither by statute, case law, nor sound policy, that the period during which errors in an eligible list remain uncorrected extends the duration of the list. Section 56 of the Civil Service Law imposes a four-year maximum on eligible lists, and, once that period has expired, a court may not order appointment from the list. Nor can the court approve a proposed stipulation of settlement to appoint *435 from an expired list when the very party to make the appointment never agreed to the aborted stipulation. I therefore vote to reverse the order of the Appellate Division and dismiss the petition. I concur, however, that the cross appeal by petitioner should be dismissed.
Without question, prior to expiration of an eligible list, the life of the list may be extended up to the statutory four-year period (Matter of Roske v Keyes, 46 AD2d 366, 368; Uniformed Fireman’s Benevolent Assn. v Herten, 23 AD2d 788, 789). Extension beyond the four-year maximum is also permissible, but then express statutory authority is essential (see Ciaccia v Board of Educ., 271 NY 336, 339; Brown v Craig, 209 App Div 11, 13-14; Matter of Woods v Finegan, 246 App Div 271, 273). Once a list has expired, however, even the Legislature is, under the Constitution, powerless to revive it (Ciaccia v Board of Educ., 271 NY 336, 339, supra; Hurley v Board of Educ., 270 NY 275, 279-280; see NY Const, art V, § 6).
Thus, appointment from an expired eligible list has been forbidden. In Matter of Cash v Bates (301 NY 258, 261), despite expiration of the applicable list, would-be appointees demanded both removal of incumbents and their own appointment. Although expiration of the list did not preclude removal of the previous appointments for illegality, appointment of the petitioners would be, it was held, a "legal impossibility” (id.; but see Matter of Simon v Kennedy, 5 Misc 2d 17, 18, and unreported cases cited).
In Matter of Singer v Schechter (17 AD2d 204, 205-206), relied upon by petitioners, the proceeding, unlike that in Cash v Bates, was brought before the list had expired. Nevertheless, in remanding for a hearing, the Appellate Division did not pass on the type of relief to which the petitioners there would be entitled. In fact, the court cited Cash v Bates (supra) and expressed doubt about the legal possibility of ordering appointments after expiration of the list (17 AD2d, pp 205-206).
The eligible list for promotions to transit police captain from which petitioners seek certification was established in December, 1971. By statutory mandate, it was due to and did expire, after four years, in December, 1975. It has already been held, as noted, that the Legislature may not revive an expired list. So, too, there is no power in the court to direct certification of petitioners from a list expired, at least without statutory or limited judicial extension of the list before its expiration.
*436 No support is offered, and none is perceived, for the view taken by the majority that the four-year period does not begin to run until errors on the list are corrected. Indeed, such reasoning ignores the constitutional underpinnings for safeguarding the durational limitations imposed on eligible lists. Lists become stale, and, with the passage of time, their value for implementing the constitutional mandate, that they promote selection on merit and fitness, diminishes (see, e.g., Hurley v Board of Educ., 270 NY 275, 280, supra). In the Hurley case, it was said by Judge Lehman (p 280): "A competitive examination may demonstrate merit and fitness, at the time of the examination. As time passes, its value as a test of merit and fitness diminishes. Others may, then, be better prepared and more fit to fill a position than those who are upon the list”. An uncorrected eligible list becomes stale as quickly as a list deriving from a perfectly graded examination.
Of course in the Ciaccia and Hurley cases the paramount concern was integrity of the civil service system. The fact that efforts by the Legislature to extend expired lists have been held unconstitutional makes all the stronger the precedents for over a generation which forbid appointments from an expired list whether by judicial or administrative fiat. Moreover, there is a time-honored remedy for maintaining the integrity of the constitutionally mandated merit system. The remedy is not appointment from stale lists, but removal of persons illegally appointed (Matter of Cash v Bates, 301 NY 258, 261-262, supra; Matter of Singer v Schechter, 17 AD2d 204, 205-206, supra). Beyond that, despite assertions to the contrary, errors in grading an examination and in the resultant rankings on an eligible list do not involve the "integrity” of the system. If they were thought to, then all errors and irregularities, inevitable in the conduct of human affairs, would permit appointment from expired lists, a thesis consistently rejected until today.
Nor does delay in correcting petitioners’ placement on the eligible list amount, as is suggested, to a continuing wrong. That concept, frequently raised to answer a Statute of Limitations defense, relates, in the area of civil service appointments, to persisting refusal or failure to comply with the merit and fitness requirements of section 6 of article V of the Constitution (see, e.g., Matter of Grossman v Rankin, 43 NY2d 493, 506; Matter of Cash v Bates, 301 NY 258, 261, supra). The illegality involved must be related not only to past events, but *437 must continue into the present, and if uncorrected, persist into the future. Were failure to rectify discrete grading errors a continuing wrong warranting extension of the expiration date of the list, the statute-mandated four-year maximum would have little, if any, meaning.
It has been said that parties, during the life of an eligible list, should be free to stipulate to extended eligibility. It is argued that such a practice is prevalent and far more efficient than enjoining promulgation of a list, or enjoining certification or permanent appointment from a list, pending resolution of a challenge. Even were such a stipulation proper, as it may well be, in this case no stipulation was reached. That a proposed stipulation was circulated by counsel does not alter the fact that the Transit Authority, the agency to make the appointment, never agreed to extend the list for petitioners.
The 1971 eligible list, established so many years ago, and ' before the city’s and the Transit Authority’s fiscal crises with the consequent severe retrenchments which still continue, is stale indeed. The authority and the public are entitled to an eligible list which is contemporary in selection on merit and fitness for the few and important positions of transit police captain, if improvement in this important branch of the civil service is to remain the goal.
Accordingly, I vote to reverse the order of the Appellate Division and dismiss the petition.
Judges Gabrielli, Wachtler, Fuchsberg and Cooke concur in memorandum; Chief Judge Breitel dissents in part and on respondents’ appeal votes to reverse and dismiss the petition in a separate opinion in which Judges Jasen and Jones concur.
On respondents’ appeal: Order modified, without costs, in accordance with the memorandum herein and, as so modified, affirmed.
On petitioners’ cross appeal: Cross appeal dismissed, without costs.