In the Matter of the Application of John J. McCann and 103 Other Veteran Relief Investigators, Petitioners, Respondents, against Paul J. Kern, President, and Others, Constituting the Municipal Civil Service Commission of the City of New York, and Others, Respondents.

Richard Welling, Intervenor, Defendant, Appellant.

First Department, June 18, 1941.

*H. Eliot Kaplan,* for the appellant.

*Menahem Stim* of counsel [*Blake, Stim & Curran,* attorneys], for the petitioners-respondents.

*David DuVivier* of counsel [*William C. Chanler, Corporation Counsel,* attorney], for the respondents Kern and others.

*Albert de Roode, amicus curiæ* for the petitioners in *Matter of Tangney* v. *Hodson.* [See 261 App. Div. 1066.]

PER CURIAM. The order appealed from directs the respondents to certify the payrolls of the petitioners and to continue to employ them in the department of welfare of the city of New York as veteran relief investigators or social investigators and to pay the petitioners' salaries, subject only to the limitation set forth in subdivision 1-a of section 22 of the Civil Service Law (Hampton Act, Laws of 1941, chap. 784), effective April 28, 1941. The order also denied the intervenor-appellant's application to dismiss the petition.

Subdivision 1-a of section 22 provides in substance that no person holding a provisional or temporary position who is a veteran or an exempt volunteer fireman, and who was employed on or before December 31, 1937, in a position in a public welfare department or emergency relief bureau, and whose salary is being paid wholly or in part from special emergency relief taxes, shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges.

The petitioners were provisional appointees as social investigators in the veterans division of the department of welfare. In

*Matter of Sherman* v. *Hodson* and *Matter of Moats* v. *Kern,* June, 1940 (259 App. Div. 999), the petitioners-respondents were ordered displaced in the welfare department as social investigators by persons on a civil service eligible list. Assuming the new law was intended to apply to these petitioners, although they had been displaced even from their provisional positions at the time of its adoption, we think the law is unconstitutional under section 6 of article 5 of the State Constitution, providing that appointment and promotion in the civil service shall be made according to merit and fitness to be ascertained so far as practicable by examination which, so far as practicable, shall be competitive. It is settled law that a temporary or provisional appointment to a competitive position cannot ripen into a permanent appointment. (*Koso* v. *Greene,* 260 N. Y. 491, 494; *Matter of Rooney* v. *Rice,* 274 id. 347; *Matter of Hilsenrad* v. *Miller,* 284 id. 445, 451; *Matter of Sheridan* v. *Kern,* 255 App. Div. 57, 60.) The existing eligible list for social investigator has been held appropriate for filling the petitioners' provisional positions. (*Matter of Sherman* v. *Hodson* and *Matter of Moats* v. *Kern, supra.*) Provisionals may not hold positions to the exclusion of persons on appropriate eligible lists for such positions. (*Matter of Britt* v. *Kern,* 279 N. Y. 701; *Matter of Ackerman* v. *Kern,* 281 id. 87.)

The new statute is also void because it grants a privilege to one class of veterans and volunteer firemen and discriminates arbitrarily and unreasonably against all other veterans and volunteer firemen equally entitled, under the Constitution, to the same rights and privileges. This statute attempts to confine special privileges only to such veterans or exempt volunteer firemen as were employed before a specified date in a public welfare department and whose salary is paid from emergency relief taxes. It does all but name its particular beneficiaries, and comes within the condemnation of a statute unmistakably aimed to confer a favor on designated persons who are none the less designated though not specifically named. (*Barlow* v. *Berry,* 245 N. Y. 500, 503; *Matter of Barthelmess* v. *Cukor,* 231 id. 435, 441.)

In the memorandum of the Governor approving the act, he points out that there is grave doubt as to its constitutionality extending special privileges.

We cannot agree with the contention that this was not an effort at a purported appointment in the civil service of the State of persons not entitled to appointment from an eligible list to the exclusion of persons who were. The petitioners were never validly appointed in any civil service class, either exempt or non-competitive, but were merely temporary or provisional appointees,

and accordingly could not be " covered in " to competitive positions to the exclusion of persons on an appropriate eligible list.

We are constrained to hold that the mandate of the Constitution must be obeyed. The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the petition granted.

Present — MARTIN, P. J., TOWNLEY, DORE, COHN and CALLAHAN, JJ.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion to dismiss the petition granted.