George A. Arkwright, J.
This application under article 78 of the Civil Practice Act, is for a mandatory order requiring the respondent, William Jansen, as Superintendent of Schools of the City of New York, forthwith to nominate from the eligible list of candidates for appointment as members of the *248 Board of Examiners of the Board of Education of said city the remaining two persons on said list, and requiring and directing the other respondents, as members of the said Board of Education of the said city, forthwith to act upon such nomination and to appoint the said proposed nominees to fill existing vacancies in the membership of the said Board of Examiners in the said city school system. Such action, petitioner contends, is imposed upon them by law.
On or about August 15, 1950, the Municipal Civil Service Commission of the City of New York, after conducting an examination, promulgated a list of persons eligible for appointment as members of the said Board of Examiners. There were three names on the list, including that of petitioner. Such list, unless sooner exhausted by appointment therefrom, by death or otherwise, remains effective until August 15, 1954, with a possibility of extension beyond that date for periods of two to four years. (Education Law, § 2569, subd. 2.) One of the three eligibles on the list was appointed on September 15, 1950, reducing it to two, inclusive of petitioner, in which state it still remains. Subsequently, in May of 1953, a vacancy occurred in the nine-member Board of Examiners. Still later, in September, 1953, another vacancy occurred, reducing the board’s membership to seven, where it stands at present. Despite such vacancies, however, respondents have failed to fill them, after demand, and have made known their refusal so to do by having recourse to the existing list of eligibles. In their answer in this proceeding, they categorically admit and reiterate such refusal.
The position taken by the Superintendent of Schools, whose duty it is to nominate, and by the Board of Education members, whose duty it is to appoint, is that they have the right under the law to make their choice as to each vacancy from the top three eligibles, and that by the reduction of the present eligible list to two persons they are deprived of such right of choice. They, therefore, have requested the Municipal Civil Service Commission to promulgate a new eligible list. An examination has been called for December 29 and 30, 1953, for that purpose.
Respondents cite in support of their asserted right certain provisions of the Education Law and of the Rules and Regulations of the New York City Municipal Civil Service Commission. They take the stand that members of the Board of Examiners in New York City fall within the classified division of the civil service, that appropriate eligible lists are and always have been prepared by the local Civil Service Commission, and that appointments from such list necessarily are subject to the rules and regulations of such commission. Specifically respondents *249 plead the provisions of sections VII and VIII of rule V of the Rules of the Municipal Civil Service Commission of the City of New York, to which reference will be made hereafter.
Petitioner comes within the classified division of the civil service. Section 9 of the Civil Service Law specifies that the civil service of the State shall be divided into the unclassified and the classified service. After enumerating those officers or groups comprising the unclassified service, the statute then provides that “ The classified service shall comprise all positions not included in the unclassified service.”
The only category of the unclassified division pertaining to the present controversy is as follows: “all persons employed in or who seek to enter the public service as superintendents, principals or teachers in a public school or academy or in a state normal school or college ”. Petitioner is not an examiner but seeks to enter the public service as an examiner, and not as a superintendent, principal or teacher, although to qualify for the post of examiner, he must hold a certificate as a superintendent of schools or be entitled to a superintendent’s certificate. (Education Law, § 2565, subd. 2.) By the aforesaid specific phraseology, the position of examiner is not included in the unclassified list, and must then be included in the classified division.
Repeatedly, it has been held that it is not the title but the duties which must control in determining civil service categories. (Matter of Disbrow v. Board of Educ. of City of New Rochelle, 276 App. Div. 1015; Matter of Rohr v. Kenngott, 288 N. Y. 97, 105; Matter of Mercer v. Dowd, 288 N. Y. 381, 386; 1951 Atty. Gen. 150; 1953 Atty. Gen. 144.) The duties of an examiner, as outlined in section 2569 of the Education Law, are not pedagogic and such as must be performed by a teacher or by one who conducts and attends to the administration of a school, such as a principal; or by one in the administrative and directing capacity of a superintendent. They pertain to an entirely different and distinct supervisory and administrative function of education, the examination of applicants who are required to be licensed or to have their names placed on eligible lists for appointment in schools, expressly excepting, however, examiners themselves. (Education Law, § 2569.)
The omission by the Legislature of the position of “ examiner ” in said section 9 of the Civil Service Law was evidently not inadvertent. Such position may not be read into the groupings of the unclassified service by necessary implication. The circumstance that examiners are referred to in section 2573 of the Education Law in a generic grouping as “ members of the *250 teaching and supervising staff ” does not alter such view under the test applied. They are still not teachers, principals or superintendents.
The position is then in the classified service. The Municipal Civil Service Commission rightly so regards it.
Petitioner contends, further, that education, being a State function and the Board of Education being a direct agency of the State set up in aid of such function, is not subject to the provisions of the Buies of the New York City Municipal Civil Service Commission, the jurisdiction of which under the Civil Service Law is confined to the “ classified [civil] service of said city, and for appointments and promotions therein and examinations therefor”. (Civil Service Law, § 11.)
Education is a State function. A Board of Education is a ■ governmental agency of the State, independent of the municipality in which it functions. (Gunnison v. Board of Educ., 176 N. Y. 11; People ex rel. Elkind v. Rosenblum, 184 Misc. 916, affd. 269 App. Div. 859, affd. 295 N. Y. 929; Herman v. Board of Educ., 234 N. Y. 196, 201.)
The Municipal Civil Service Commission conducted the examination for and promulgated the list upon which petitioner’s name appears. It has been conducting such examinations since 1898, the year following the legislative creation of the Board of Examiners. (L. 1897, ch. 378, § 1081.) Competitive examinations in the civil service of the State, where possible, even with respect to high administrative personnel (Matter of Scahill v. Drzewucki, 269 N. Y. 343, 346), are made requisite by constitutional command (N. Y. Const., art. Y, § 6). Section 2569 of the Education Law provides for the Board of Examiners in New York City and by implication calls for the establishment of eligible lists. Although failing directly to prescribe the agency and method of doing this, such section, in subdivision 2 thereof, states that “ [a]n eligible list of candidates for appointment as member of the board of examiners shall remain in force for four years from the date of its promulgation. Prior to the expiration of said list, the board of education may request the civil service commission or body which created said list to continue said list for a period of two years and said civil service commission shall grant such request.” (Italics supplied.)
Granting that the jurisdiction of the local Municipal Civil Service Commission applies to “the classified service of said city ” (Civil Service Law, § 11), and that examiners would when appointed fall within the category of State rather than municipal employees, it is to be noted that section 10 of the same *251 statute extends such power to “ civil divisions for which a municipal commission administers the provisions of this chapter The Board of Education in New York City, although an independent agency of the State, functions in a “ city school district ” whose territorial area is New York City. (Education Law, § 2550.) Such a district, considered apart from the Board of Education, itself is a civil division of the State. (Herman v. Board of Educ., supra, p. 202; Palmer v. Board of Educ., 276 N. Y. 222, 227.) The local municipal commission, in functioning with respect to this list, is administering the provisions of the Civil Service Law for such civil division.
In implementing the Civil Service Law of the State, the State Civil Service Commission and the various municipal civil service commissions do not operate antagonistically but harmoniously. It may be observed, broadly, that the municipal commissions function for the State commission, within their prescribed areas of jurisdiction. Regulations and rules adopted by both commissions have the force and effect of law. (Civil Service Law, § 6.) It thus appears that the local rules apply.
The following portions of rule V of the Rules of the Municipal Civil Service Commission are claimed by the respondents to be applicable to their position herein.
‘‘ Section VII. Certification. 1. The Commission shall upon receiving a request from an appointing officer for the certification of eligibles for a vacant position certify from the eligible list for that position * * * the three names at the head of such list.
‘1 Section VIII. * * * 2. Appointments from open competitive lists shall be made as follows: (a) The appointing officer shall make selection from the three names certified * * # unless objection shall be made and sustained by the Commission, to one or more of the persons named under Section VII of Rule III, in which case the certification of three names shall be completed by the addition of the name or names next following upon the eligible list.”
The quoted language of section VII, is not in point respecting the present situation. The same observation applies to the quoted language of section VIII. There are but two names on the list.
Respondents take the position that they have a right to make a choice from three names and that their inability so to do relieves them of any duty to appoint from the existing list.
There seems to be no express provision of law covering the present situation. The Rules of the New York City Municipal Civil Service Commission are silent in regard to it and contain *252 no provision similar to subdivision 4 of rule VIII of the State Civil Service Commission which accords an appointing body or officer the discretionary right to decline to appoint when an eligible list contains fewer than three names. The State Civil Service Commission Buies, however, apply only to lists prepared by that body.
Irrespective of any stated rule, respondents insist that they have a right, under basic principles of law as established by judicial interpretation, to make a selection from at least three eligibles.
In this, they are supported by fundamental law and cogent reasoning.
The purpose of civil service is to provide for the appointing officer or body a list of qualified candidates from which a selection may be made. Were it otherwise and the appointing authority had no choice but to appoint in the order of the list, there would be no need of any other appointing officer, body or other procedure, and the power of appointment would be thereby automatically vested in the civil service officials. (People ex rel. Balcom, v. Mosher, 163 N. Y. 32.) But, as the statutes have decreed, as in this case, an officer to recommend an appointment and a board of education to make the appointment, it follows without argument that they must not be mere automatons but must exercise their sound judgment, discretion and experience in selecting and appointing suitable candidates from a properly certified list provided by civil service.
That such nomination and appointment should be so made after reasonable opportunity of selection has been established by recognized case law. (People ex rel. Balcom v. Mosher, 163 N. Y. 32, 40, supra; People ex rel. Sweet v. Lyman, 157 N. Y. 368, 379; O’Reilly v. Lewis, 105 Misc. 380, 385; People ex rel. Qua v. Gaffney, 142 App. Div. 122, 124, affd. 201 N. Y. 535.)
That, where applicable, this principle should reasonably ensue is indicated by the existing Buies of the Civil Service Commissions of the City of New York and of the State of New York, both of which commissions have promulgated the rule of three; the former in all cases, except where the lists have been less than three, and the latter in every instance, giving expressly full power, however, to the appointing authority to decline to appoint when less than three.
It may be fairly inferred from the above that it is a State policy that a right of choice exist; and that in regard to that right of choice, a reasonable number from which selection may be had, is three; and it may likewise be stated, conversely, with reasonable certainty, in view of the State Civil Service Com *253 mission’s rule, that it is a State policy that where the list is less than three, the appointing officer or body has a right to decline to appoint.
If a right of selection does exist, then from what number of applicants should the selection be made ? It cannot be less than two; for, if only one, then no choice exists. Two, of course, is the minimum, and, as such, allows no sufficient latitude of selection. The next highest number, three, seems best suited for the purpose, and, under all the circumstances, seems to be fair and reasonable, that conclusion being fortified by the fact that no other number appears to be so consistently mentioned in connection with the subject, in the cases or in the rules. In view of the above, the application is denied.