Lawrence H. Cooke, J.
In this article 78 proceeding, petitioner seeks a review of the proceedings of respondents in removing him as Deputy Director of Civil Defense in the New York State Civil Defense Commission and for a final order directing his retention in said position.
It appears without dispute that in May of 1951 petitioner was appointed as Assistant Director in the New York State Civil Defense Commission, that in 1961 the title of the position was changed to that of Deputy Director with the duties of the position remaining the same, that petitioner failed to qualify as a result of a qualifying examination given pursuant to chapter 299 of the Laws of 1961 and that respondent Farrell notified petitioner of the termination of his appointment effective August 16, 1962.
*1046 Petitioner contends that he is an honorably discharged member of the armed forces of the United States having served therein in time of war as defined in section 85 of the Civil Service Law, that his appointment to the aforesaid emergency defense position was not temporary but permanent from its inception and that petitioner could be removed only through the procedures set forth in section 75 of the Civil Service Law.
We must approach the problem at hand with the fundamental and well-established premise in mind that temporary appointments are exempt from civil service requirements for appointment and can never, no matter how long continued, ripen into permanent appointments; and similarly that, so long as temporary appointees hold such positions, they are entitled to none of the advantages secured by period of tenure under the civil service rules (Matter of Hilsenrad v. Miller, 284 N. Y. 445, 451; Koso v. Greene, 260 N. Y. 491, 494-495; Matter of McCann v. Kern, 262 App. Div. 109, 111, affd. 287 N. Y. 581; Matter of Rohl v. Jeacock, 259 App. Div. 208, affd. 284 N. Y. 660; Matter of Daub v. Coupe, 9 A D 2d 260, 267; Matter of Sheridan v. Kern, 255 App. Div. 57, 60-61; Matter of Goss v. Rice, 249 App. Div. 895; Matter of Cuzzivoglio v. Hamlin, 202 N. Y. S. 2d 402, affd. 13 A D 2d 614; Matter of Fink v. Kern, 176 Misc. 114, 117, affd. 262 App. Div. 829; Matter of Schmidt v. Flynn, 200 N. Y. S. 2d 1009, 1011; Matter of Aron v. Corsi, 197 Misc. 1, 4-5).
Was petitioner’s appointment a temporary one? This court is of the opinion that it was. First of all, the appointment was made pursuant to the authority conferred by subdivision 4 of section 20 of the Defense Emergency Act, enacted into law as part of chapter 784 of the Laws of 1951. Said act became effective on April 12,1951 and its temporary character is apparent from section 121 thereof which originally provided that the act continue in full force and effect “ only until July first, nineteen hundred fifty-two ”. By chapter 94 of the Laws of 1952 the duration thereof was continued until July 1, 1953; by chapter 61 of the Laws of 1953 until July 1, 1954; by chapter 76 of the Laws of 1954 until July 1, 1955; by chapter 27 of the Laws of 1955 until July 1, 1956; by chapter 193 of the Laws of 1956 until July 1, 1957; by chapter 200 of the Laws of 1957 until July 1, 1958; by chapter 104 of the Laws of 1958 until July 1, 1959; by chapter 133 of the Laws of 1959 until July 1, 1960; by chapter 50 of the Laws of 1960 until July 1, 1961; by chapter 21 of the Laws of 1961 until July 1, 1962; and, most recently, by chapter 345 of the Laws of 1962 until July 1, 1965. It is obvious, from the provisions of the act itself and its duration, as originally determined and as successively extended *1047 various times, that the act itself and the positions created thereunder were temporary in nature. The New York State Civil Defense Commission was and is a temporary agency.
Secondly, the Rules of the Civil Service Commission indicate the temporary character of the position. Subdivision 2 of rule YIII-A of the Rules for the Classified Service, as in effect at the time of petitioner’s appointment, provided: “ Positions in governmental agencies created to perform wartime functions for a period not exceeding the duration of the war emergency shall be filled on a temporary basis for a period not to extend beyond six months after the termination of the war. Appointments to such positions shall be designated as war emergency appointments.” (Emphasis supplied; N. Y. Off. Comp, of Codes, Rules & Regulations, vol. 1, p. 357.) While issue might be taken as to whether this rule was applicable, as to governmental agencies created to perform wartime functions, attention is called to the legislative declaration of purpose and findings as set forth in section 2 of the New York State Defense Emergency Act, as well as to sections 12, 21 and 25 of said act. As to duration or termination of war, it should be observed that the war between Germany and the United States was not formally ended until October 19, 1951 and that the Japanese Peace Treaty was signed by the United States on September 8, 1951, both of these events taking place after the appointment of petitioner.
On March 25, 1953 there became effective a new subdivision 2 of said rule YIII-A which provided: “ Any position in a civil defense agency or any position created in a governmental agency to perform civil defense or other national emergency functions, which is unique and peculiar to civil defense or national emergency activities and which is not comparable to any regular, standard position in the classified civil service, may be designated, upon the approval of the state Civil Service Commission, as an emergency defense position. No position involving conventional and stable duties of the nature of those performed in the regular and normal functions of civil government, or having as a counterpart a position in any regular, established department or agency of civil government, shall be designated as an emergency defense position. An emergency defense position may be filled on a temporary basis for a period not to extend beyond the duration of the New York State Defense Emergency Act. Appointments to such positions shall be designated as emergency defense appointments.” (Emphasis supplied; N. Y. Off. Comp, of Codes, Rules & Regulations [1954 Supp.], p. 83.) This rule was replaced by the present rule 26 of the Rules for *1048 the Classified Service which became effective on September 8, 1959. They are almost identical. The former provided and the present rule provides that an emergency defense position may be filled ona“ temporary basis.”
Thirdly, we have the benefit of the legislative findings and intent as set forth in chapter 299 of the Laws of 1961 which indicate that petitioner’s position was temporary. Said chapter provides: [quotation of statute omitted].
It is a familiar canon of construction that statutes are to be interpreted so as to fulfill policies which the Legislature evidently had in mind (Matter of Cherkis v. Impellitteri, 307 N. Y. 132, 148) and, here, we have the explicit words of the Legislature that the purpose of said chapter 299 is to authorize the extension of civil service examination requirements to positions designated as temporary emergency defense positions and to provide an orderly method for continuing in service with the rights and tenure of permanent appointees certain incumbents of such positions. If said appointments had been permanent or, stated differently, were not temporary, there would be no need or purpose for said legislative enactment and no policy to fulfill.
Petitioner questions the constitutionality of said chapter 299 of the Laws of 1961 but it is not necessary to consider same. Very simply, he was a temporary appointee, not a permanent one, and as such has and had no tenure of office and was not entitled to any review of his discharge under the provisions of section 75 or the former section 22 of the Civil Service Law (People ex rel. O’Connor v. Adams, 133 N. Y. 203, 206-207; Matter of Riggi v. Blessing, 9 A D 2d 423, affd. 10 N Y 2d 917; Matter of Benon v. La Guardia, 260 App. Div. 857, affd. 285 N. Y. 560; Matter of Daub v. Coupe, 9 A D 2d 260, 267; Matter of Geiger v. Nickerson, 35 Misc 2d 127; Bentley v. Jeacock, 14 N. Y. S. 2d 366, 369).
There is no question of fact requiring a trial. The petition should be dismissed on the merits and the stay in the order to show cause vacated.