Seymour Bieber, Spec. Ref. to Hear and Determine.
Petitioner seeks an order, pursuant to article 78 of the Civil Practice Act, directing respondents to recognize that he has been permanently promoted to the position of foreman of caretakers in the New York City Housing Authority. After a finding at Special Term that issues of fact were raised by the affidavits “as to whether petitioner qualified for permanent promotion in March, 1959, and as to the exact nature of the promotion he did receive at that time ’ % upon consent of counsel for the respective parties, this matter was referred to me, to hear and determine.
The record establishes that petitioner has been employed by respondent Housing Authority since September, 1951. In 1955, petitioner took and passed a competitive class promotion examination for the position of ‘1 Foreman of Housing Caretakers. ’ ’ His relative standing on the resulting promotion *364 list was No. 58 out of a total of more than 95 eligibles. Respondents contend that in the latter part of 1957, pursuant to an October 29, 1957 certification order, petitioner was considered for promotion and “ passed over” three times in favor of eligibles who held lower places on the list. Respondents then argue that having been passed over three times, petitioner was thereby completely eliminated from further consideration for permanent appointment as a foreman. Such argument, as more fully discussed hereinafter, is without merit in this proceeding.
Petitioner claims that he was certified only once and considered for appointment on but two, rather than three, occasions. The credible testimony and documentary evidence adduced at the trial, however, fail to support such claim. Petitioner ’s testimony in this regard was significantly replete with confusion and a substantial lack of recollection. On the other hand, the evidence submitted by respondents conclusively establishes that pursuant to the October 29, 1957 certification, petitioner was, in fact, considered for promotion three times. Such considerations were made in groupings of three candidates for three vancancies, to wit: Nos. 58 (petitioner), 59 and 60 were first considered. Of this grouping, No. 59 was selected and promoted, thus: passing over petitioner once. In connection with an existing second vacancy, No. 58 was then grouped with Nos. 60 and 61. No. 61 received the promotion, thereby passing over petitioner for a second time. Finally, on the third grouping for a vacancy, No. 58 was considered again together with Nos. 60 and 62. The promotion went to No. 62 and a “ pass over ” for the third time resulted as to petitioner.
Contrary to petitioner’s assertion, nothing in rule 4.7.3 of the Rules and Regulations and Classified Civil Service of the respondent City Civil Service Commission requires that “ 4 days notice in which to respond or appear for interview” be given to each certified eligible. Although such notice was actually given to eligibles on several occasions, it appears that this was purely gratuitous and voluntary, rather than obligatory, as urged by petitioner. Rule 4.7.3, together with other rules set forth in section VII of the cited rules and regulations merely require the Civil Service Commission to certify three names standing highest on the eligible list, with an appropriate opportunity afforded to the appointing officer to select one of these three (see, also, Civil Service Law, § 61).
Similarly, contrary to petitioner’s contention, nothing in the language of any of the rules set forth in section VII prohibits the practice adopted by respondents of considering an eligible three times on a single certification order. When peti *365 tioner was grouped and considered three times, as above noted, the appointing officer, in effect, treated No. 58 as having been individually certified to him three times. In every practical aspect, where many vacancies are to be filled, multiple certifications of the same eligible, as urged by petitioner, would serve no useful purpose nor provide any particular benefit or advantage to an eligible over the method customarily employed by respondents, as in this instance (see Matter of Sherman v. Reavy, 178 Misc. 732, 736).
Despite the fact that respondents passed over petitioner three times (supra), the record establishes they, nevertheless, appointed him as a foreman of housing caretakers on March 30, 1959. Significantly, at the time of this appointment, petitioner was first among the top three on the promotion list. Likewise, the documentary proof clearly shows that prior to such appointment (on or about Jan. 30, 1959), respondent Housing Authority had specifically requested that ‘1 Samuel Spindel list #58 who was originally Passed Over ” be certified again for the foreman position. The same requisition for certification indicates the tenure of employment as “ Probable Permanent”. Respondents’ “ G-eneral Information” sheet annexed to this requisition contains the following definition of such tenure:
“ Probable Permanent.
“ All permanent positions are described by legal necessity as probable permanent. An eligible appointed to a probable permanent position becames a permanent employee after he has satisfactorily completed the required probationary period. An eligible appointed to a probable permanent position in the same salary grade as that of the position for which he took the examination will not be certified thereafter for appointment.” (Emphasis added.)
Respondents assert, however, that the appointment in March, 1959 was merely a provisional one, and note such designation on the pertinent application form. Regardless of the designation given by respondents to the subject appointment, in my opinion, petitioner, as a matter of law and by virtue of his then status at the top of the eligible list, must be deemed to have been permanently promoted to the position of foreman when appointed to this existing permanent vacancy (Matter of Graae v. Ahern, 258 App. Div. 686, 687-688; Matter of Kass v. Gross, 76 N. Y. S. 2d 309, 312-313).
Concededly, it is well established, as respondents urge, that temporary or provisional appointments cannot, under ordinary circumstances, ripen into a permanent status (see Matter of *366 Williams v. Morton, 297 N. Y. 328; Koso v. Greene, 260 N. Y. 491; McCann v. Kern, 262 App. Div. 109, affd. 287 N. Y. 581). It is equally well established, however, that this prohibition does not apply where, as here, the purported “temporary” appointee is eligible for permanent promotion due to his standing first among the top three on an eligible list and his subsequent appointment by a duly authorized appointing officer to am existing permanent vacancy (Matter of Daub v. Coupe, 9 A D 2d 260, 266-267; Matter of Battaglia v. Morton, 272 App. Div. 372, 374; see, also, Matter of McNeles v. Board of Supervisors, 173 App. Div. 411, affd. 219 N. Y. 578; Matter of Kass v. Gross, supra).
Moreover, it is significant that, contrary to respondents’ argument (supra), the cited rules and regulations of respondent Civil Service Commission provide for certification of an eligible more than three times, at the request of the appointing officer (rule 4.7.3). Indeed, respondent Housing Authority’s requisition for certification of petitioner on January 30,1959 recognizes the applicability of such rule here. The mere fact, therefore, that petitioner had been passed over three times would not, as respondents assert, in and of itself, completely and forever bar his recertification and promotion. When dealing with governmental agencies, as in this proceeding, it is a fair presumption that they comply with their own rules. Thus, in view of petitioner’s appointment subsequent to his “pass overs ’ ’ on the October 29, 1957 certification order, it must be deemed that he had been recertified by respondents in compliance with rule 4.7.3 and then promoted permanently on March 30, 1959 to the existing permanent vacancy. To hold otherwise under these circumstances would destroy the effectiveness and intent of our civil service laws and the protection and promotional rights afforded thereby to persons on competitive class promotion lists. A contrary ruling, as urged by respondents, would also, in effect, sanction unrestricted provisional appointments to permanent vacancies while eligible promotion lists were in existence. This would circumvent and avoid the very purpose of such lists and evade the intendment of the applicable law (see Civil Service Law, § 65).
Section 65 of the Civil Service Law, particularly subdivision 3 thereof, sets forth fully the circumstances which permit provisional appointments to exist while an eligible list is available for filling a vacancy in the competitive class. None of the conditions or emergencies enunciated in this statute was the basis of petitioner’s appointment in March, 1959 nor does any such provision of law otherwise apply now to his foreman *367 position. It necessarily follows, therefore, that a mere designation by respondents of an appointment as “temporary” or “ provisional ” cannot serve to defeat the intent, public policy and interdiction expressed in the Civil Service Law (see Matter of McNeles, supra), particularly where such appointment of an eligible standing among the first three is made to a permanent vacancy during the life of a competitive class promotion list.
Furthermore, there is ample evidence which indicates that respondents were always fully aware of the permanent nature of the promotion here involved. Thus, in refutation of the “provisional” designation ascribed to petitioner’s appointment, it is significant that his name was never certified by respondent Civil Service Commission after the March, 1959 promotion. If this promotion had, in fact, been only temporary, as respondents now claim, then rule 4.7.3 would have required petitioner’s name to be certified on one of the five certifications subsequent to March 30, 1959, pursuant to the requisition therefor on January 30, 1959.
Even assuming, arguendo, that the cited rule entitles an eligible to be recertified only once after three passovers, petitioner, nevertheless, then would have had the right to be recertified on the April 20, 1959 certification. His purported recertification on February 9, 1959 does not comply with rule 4.7.3 and is ineffective for this purpose, inasmuch as the proof conclusively establishes that petitioner was not and could not, as a matter of law, be considered for the then existing vacancy, which respondents were required to fill with an available preferred military eligible. The testimony of one Kirsner, an employee of respondent Civil Service Commission responsible for such matters, corroborates the fact that petitioner was not considered for appointment on this February 9,1959 certification. Absent such consideration, said commission’s own rules specifically provide that petitioner may not be charged properly with a certification for appointment (see rule 4.7.11).
It has also been argued that no legal duty devolved upon respondents to promote petitioner to the position of foreman ; that certification of an eligible confers only the right to be considered for selection, appointment or promotion by an appointing officer. In support thereof, respondents cite Hurley v. Board of Educ. of City of N. Y. (270 N. Y. 275); Matter of Berger v. Walsh (291 N. Y. 220); Brown v. Craig (209 App. Div. 11), as well as other similar cases. These authorities, however, do not aid respondents’ position here. In this proceeding, the court is concerned with the fact that petitioner has already *368 been appointed by the duly authorized appointing officer. He does not seek appointment or promotion by virtue of this lawsuit, as do most of the eligibles involved in the cases relied upon by respondents. Likewise, no one disputes the power of an authorized appointing officer to choose and select in accord with the rules and regulations of civil service (see Matter of Holt v. Jansen, 26 Misc 2d 247, affd. 283 App. Div. 796, mot. for lv. to app. den. 307 N. Y. 939). Here, however, it is only the tenure of his past appointment and the effect of respondents’ actions with regard thereto which petitioner attempts to clarify by judicial determination.
For analogous reasons, the four months’ Statute of Limitations and laches are not valid defenses to this proceeding. Obviously, petitioner had no need to review his being “ passed over ” by respondents if, as he believed and, as is the fact, he was permanently promoted on March 30, 1959.
After satisfactory completion of a probationary period, this permanent promotion, regardless of respondents’ unwarranted characterization thereof as ‘‘ provisional ’ ’, gave petitioner the legal right to continue in his civil service position as foreman, except for proper removal on charges, pursuant to applicable law.
Similarly, it appears from the evidence that this proceeding was commenced promptly after petitioner was advised in 1962 that respondent Housing Authority seriously questioned the permanency of his 1959 appointment and sought his abrupt removal as foreman. The defense of laches, therefore, is clearly inapplicable, as is the claimed Statute of Limitations with regard to the nature of the relief sought here.
The petition, accordingly, is granted.