Sydney F. Foster, J.
In these article 78 proceedings, originally commenced jointly by five State employees, three of whom have since discontinued the proceeding as to them, the two *439 remaining petitioners, David O’Brien and John Mattice, separately seek review of certain determinations removing them from employment as civil defense safety representatives in the New York State Civil Defense Commission, and demand judgments directing their retention. Both petitioners have continued in employment since October 3, 1962 by virtue of a stay granted by the late Mr. Justice MacAffeb pending the disposition of these proceedings.
The essential facts are not in dispute. Petitioner O’Brien has been employed continuously since April 16, 1952 in various positions within the former Division of Safety, Executive Department, and the State Civil Defense Commission (since April 1,1960). Petitioner Mattice has similarly been employed since April 20, 1959. Both men were appointed without competitive examinations; the positions, which they have held, are classified as emergency defense titles (Rules for the Classified Service, former rule VTII-A, subd. 2, now rule 26 [4 NYCRR 4.7]).
Pursuant to the provisions of chapter 299 of the Laws of 1961, the Civil Service Commission elected, as of May 17, 1961, to make emergency defense positions subject to examination requirements, and, accordingly, administered qualifying examinations to the petitioners (see Civil Service Law, § 65). Both men subsequently failed to qualify. Furthermore, in an open competitive examination held on April 28, 1962 to establish an appropriate eligible list from which positions of civil defense safety representative could be filled, petitioner Mattice again failed to qualify. Petitioner O’Brien did in fact pass this second examination, but his rank was not sufficiently high for selection from the resulting list (see Civil Service Law, § 61, subd. 1). Asa result, both were notified of their dismissal from the service; petitioner Mattice as of October 31, 1962, and petitioner O’Brien as of November 28,1962.
Both petitioners argue that these notices of dismissal are without authority of law as not having been made pursuant to section 75 of the Civil Service Law, which directs that removal shall be made from permanent appointment or employment in the classified service only for cause shown after a hearing upon stated charges.
The courts, however, have already resolved the issue of the nature of appointments made to emergency defense positions (see Defense Emergency Act, L. 1951, ch. 784, as amd.) and the purpose and effect of chapter 299 of the Laws of 1961. In Matter of Hennessey v. Farrell (43 Misc 2d 1045, 1048, affd. 19 A D 2d 698, mot. for lv. to app. den. 13 N Y 2d 598), it was *440 held that an appointment of this nature was temporary, and as such, an appointee who failed to qualify in a subsequent qualifying examination had no tenure of office and could not invoke the provisions of section 75 of the Civil Service Law. As Mr. Justice Cooke so aptly stated in dismissing the petition in the Hennessey proceeding: “ [W]e have the explicit words of the Legislature that the purpose of said chapter 299 [of the Laws of 1961] is to authorize the extension of civil service examination requirements to positions designated as temporary emergency defense positions and to provide an orderly method for continuing in service with the rights and tenure of permanent appointees certain incumbents of such positions. If said appointments had been permanent or, stated differently, were not temporary, there would be no need or purpose for said legislative enactment and no policy to fulfill. ’ ’
The petitioners in the present proceedings, therefore, have only held temporary and provisional appointments. Since they both failed to pass the qualifying examinations, and petitioner O’Brien has not been reached on an eligible list resulting from a competitive examination, both are still without permanent status. (See, also, Matter of Spinley v. Farrell, Spec. Term, Niagara County, Marsh, J., Jan. 17, 1964.) There being no questions of fact requiring a trial, the petitions should be dismissed on the merits, and the stay vacated.