■    In the Matter of the Claim of CARMEN MARGARITO, Respondent, v. I. BENN, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— MEMORANDUM BY THE COURT. Decision affirmed, with costs to the Workmen's Compensation Board. (*Matter of Carrasquilla* v. *Penn Akron Co.,* 10 A D 2d 135; *Matter of Brienza* v. *Le Chase Constr. Corp.,* 17 A D 2d 83, 85; *Matter of Camaro* v. *Starbuck,* 19 A D 2d 927.) Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

■    In the Matter of DAVID O'BRIEN, Appellant, v. FRANCIS W. FARRELL, as Director of the New York State Civil Defense Commission, et al., Respondents. In the Matter of JOHN MATTICE, Appellant, v. FRANCIS W. FARRELL, as Director of the New York State Civil Defense Commission, et al., Respondents.— Judgments affirmed, without costs, on the opinion of FOSTER, J. at Special Term. (44 Misc 2d 438.) Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.

■    In the Matter of IRVING W. POWLESS, Petitioner, v. STATE TAX COMMISSION OF THE STATE OF NEW YORK, Respondent.— *Per Curiam.* This is a proceeding pursuant to CPLR article 78 transferred, after a hearing before the State Tax Commission, in accordance with CPLR 7804. It was stipulated as follows: The petitioner, an Indian, is and has always been a member of the Onondaga Tribe. During all of the year 1959 and prior thereto he resided on the Onondaga Reservation. During the calendar year 1959 he was employed as a mechanic by the Chrysler Corporation in the City of Syracuse, New York. During that year the Chrysler Corporation withheld from his wages New York State personal income tax in the amount of $126.37. The petitioner sought a refund. The State Tax Commission allowed a refund in the amount of $32.87 but denied a refund of the remainder amounting to $93.50, on the ground that the compensation paid to the taxpayer was income taxable under the New York State Personal Income Tax Law. In *State Tax Comm.* v. *Barnes* (14 Misc 2d 311) it was held, and we think correctly, that St. Regis Indians living on a reservation were subject to State income tax on income derived from wages. The petitioner here, regardless of his status as a tribal member, was under no statutory restriction as to employment and his earnings did not differ from those of any other resident of the State of New York. Determination confirmed, without costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.