■ In the Matter of MARCEL A. ROBERTS, Appellant, v THEODORE W. PARKER, as Commissioner of the Department of Transportation of the State of New York, et al., Respondents.—Appeal from a judgment of the Supreme Court, entered April 2, 1974 in Albany County, upon a decision of the court at a Trial Term without a jury which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to be reinstated to the position of interviewer-coder. Petitioner held the position of interviewer-coder for over eight years on a temporary employment basis until dismissed as a result of a staff reduction. Clearly, if petitioner's status is no more than a temporary employee, his dismissal was proper. It is well-established that temporary appointments are exempt from civil service requirements for appointment and can never, no matter how long continued, ripen into permanent appointments. Similarly, so long as temporary appointees hold such positions, they are not entitled to any of the advantages secured by the period of tenure (Matter of Hilsenrad v Miller, 284 NY 445; Matter of Daub v Coupe, 9 AD2d 260; Matter of Hennessey v Farrell, 43 Misc 2d 1045, affd 19 AD2d 698). Thus, even if there is a failure of compliance with the statute authorizing temporary appointments, "this might affect the validity of the temporary appointment but it would not transform an illegal temporary appointment into a valid permanent appointment." (Matter of Lane v Corsi, 275 App Div 977, 978.) Petitioner urges, nevertheless, that the position he held is in the noncompetitive class, and having served for five continuous years he is accordingly entitled to the protection of section 75 of the Civil Service Law. Petitioner's position of interviewer-coder, however, is not listed in 4 NYCRR Appendix 2 and subdivision 1 of section 42 of the Civil Service Law provides that "No position shall be deemed to be in the non-competitive class unless it is specifically named in such class in the rules." Petitioner's position is, therefore, properly within the competitive class (Civil Service Law, § 44) and while, pursuant to subdivision 3 of section 64 of the Civil Service Law, temporary appointment to the competitive class positions may be made in exceptional cases without examination, this can be done only for a period not to exceed 18 months and not on a permanent basis. Petitioner, of course, is not entitled to a competitive appointment. Nor can estoppel possibly be invoked in the instant case to compel what would amount, therefore, to an illegal appointment. Moreover, even if estoppel were available, the record indicates that petitioner was fully aware that all his employment was on a temporary basis and thus there was no detrimental reliance. Judgment affirmed, without costs. Greenblott, J. P., Mahoney, Main, Herlihy and Reynolds, JJ., concur.