■ In the Matter of MARK D. GEORGE et al., Petitioners, v TAX APPEALS TRIBUNAL et al., Respondents.—Weiss, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a personal income tax assessment imposed under Tax Law article 22.

In this CPLR article 78 proceeding seeking judicial review of a determination of respondent Tax Appeals Tribunal, the

sole issue is whether an American Indian who is a member of the Onondaga Indian Nation is exempt from taxation by New York upon his personal income which was earned while he lived and worked off the Onondaga Reservation. We think not and, accordingly, confirm the determination.

The facts are simple and not in dispute. Beginning in the spring of 1981, petitioner Mark D. George (hereinafter petitioner) began working as an electrician at the Nine Mile Two nuclear power plant in Oswego County. While so employed, he resided first in a boarding house and subsequently in an apartment, both in the City of Oswego. At no time during 1981, 1982 or 1983, the pertinent tax years at issue, did petitioner either work or reside on an Indian reservation. Notices of deficiency, after changes made in an audit of petitioner's New York personal income tax returns for the tax years 1981, 1982 and 1983, showed a total tax of $2,616.06 plus interest due. Following a hearing upon petitioner's claim for redetermination of deficiencies or for a refund, an Administrative Law Judge held that petitioner had been a New York resident during the years at issue and that the income he earned while living and working off an Indian reservation was subject to New York personal income taxation.* The Tax Appeals Tribunal affirmed the Administrative Law Judge's determination. Petitioner then commenced this proceeding.

The issue posited by petitioner has previously been before this court. In October 1964, we rejected a claim by an Onondaga Indian that wages he earned as a mechanic for Chrysler Corporation in the City of Syracuse, while he resided on the Onondaga Reservation, were exempt from New York income taxation (*Matter of Powless v State Tax Commn.*, 22 AD2d 746, *affd* 16 NY2d 946, *cert denied* 383 US 911). The main difference between the petitioner in *Powless* and petitioner in this case is in their respective residences, which we here find to be without significance since, unlike the situation in *Powless,* petitioner did not reside on an Indian reservation.

Nor may petitioner find basis for relief in Federal cases. In *Choteau v Burnet* (283 US 691), Federal income taxes on royalties from oil and gas leases on Indian lands distributed to members of the Osage Tribe were sustained by the United States Supreme Court. The court held that the intent to

---

* The Administrative Law Judge also held petitioner's wife, petitioner Jolanta F. George, had not been a resident of New York during the years at issue. That part of the determination was not further challenged and is not an issue in this proceeding.

exclude income from taxation must be definitively expressed in a statute. In *Leahy v State Treas.* (297 US 420), the Supreme Court, citing to *Choteau,* held that the share of royalties from oil and gas leases upon lands of the same Osage Tribe of Indians were taxable by Oklahoma when distributed to individual members of the tribe. Because the individual was entitled to have the income paid to him and was free to use it as he saw fit, the court found no reason why such income should not be subjected to taxation by Oklahoma. Similar reasoning was expressed in the Supreme Court's rejection of the claim of the Mescalero Apache Tribe for refund of sales taxes levied by New Mexico upon gross receipts from the sale of services at a ski resort which the tribe built and operated on land outside the reservation. In *Mescalero Apache Tribe v Jones* (411 US 145, 148-149), the Supreme Court held that "[a]bsent express federal law to the contrary, Indians going beyond reservation boundaries have generally been held subject to nondiscriminatory state law otherwise applicable to all citizens of the State".

Here, the facts cannot give rise to any different conclusion. Petitioner both lived off and worked away from the reservation and has pointed to no statute upon which his exemption from New York income tax may be based. " '[T]ax exemptions are not granted by implication' " *(supra,* at 156, quoting *Oklahoma Tax Commn. v United States,* 319 US 598, 606-607). The United States Supreme Court has applied that rule to taxing acts affecting Indians as well as to all others and held that " '[i]f Congress intends to prevent [a State] from levying a general non-discriminatory * * * tax applying alike to all its citizens, it should say so in plain words. Such a conclusion cannot rest on dubious inferences.' " *(Supra,* at 156, quoting *Oklahoma Tax Commn. v United States, supra,* at 606-607; *cf., McClanahan v Arizona State Tax Commn.,* 411 US 164 [Arizona lacked jurisdiction to impose a tax on the income of Navajo Indians who reside on the Navajo Reservation and whose income is wholly derived from reservation sources. This congressional intent is clearly expressed in the Arizona Enabling Act (36 Stat 557, 569) and the Buck Act (4 USC § 105 *et seq.)].)*

Petitioner's references to the US Constitution, enactments and treaties are unpersuasive since no reasonable reading of those references reveal any indication that Congress intended income earned from off-reservation sources to be exempt from State taxation.

Determination confirmed, and petition dismissed, without

costs. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.