■ In the Matter of LAWRENCE J. WHALEN, Appellant, v CITY OF MECHANICVILLE et al., Respondents. [737 NYS2d 665] —Mercure, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered October 5, 2000 in Saratoga County, which dismissed petitioner's application, in a proceeding pur-

suant to CPLR article 78, to review a determination of respondent City of Mechanicville terminating his employment as a police officer.

Petitioner was employed by respondent City of Mechanicville in Saratoga County as a part-time police officer from October 1984 through October 1996. In October 1996, petitioner was appointed to a three-year full-time police officer position under the Federal COPS FAST grant program. The City terminated petitioner's employment in January 2000, and petitioner thereafter brought this CPLR article 78 proceeding seeking reinstatement with full back pay and benefits. Respondents' answer sought dismissal of the proceeding upon the ground, among others, that as a temporary employee, petitioner was not entitled to the protections of Civil Service Law §§ 75 and 80. Supreme Court dismissed the petition upon the ground that the appointment was temporary and could not ripen into a permanent appointment. Petitioner appeals.

We affirm. Petitioner predicates much of his analysis upon the premise that his October 1996 appointment to the position of full-time police officer was a "provisional appointment" and, as such, he became a permanent police officer by reason of his continued appointment following his successful certification. In our view, neither the language of the various statutes governing the COPS FAST grant (see, 42 USC § 3796dd et seq.), the fact that the City made a request for a new civil service examination subsequent to petitioner's full-time appointment nor the fact that petitioner placed in the top three on the resulting list to fill future vacancies warrants a finding that petitioner's appointment was other than temporary. To the contrary, there is substantial record support for the City's conclusion that petitioner was hired as a temporary police officer under the terms of the 1996 COPS FAST grant program and not as a provisional or probationary employee.

Notably, the posted notice for the position identified it as "temporary" and indicated that the "position [may] be eliminated once the grant money is used." Furthermore, an affidavit of respondent Thomas J. Higgins, the City's Mayor, indicates that at a September 1996 meeting, Higgins and respondent Peter A. Clements, the City's Police Chief, specifically informed petitioner that the COPS FAST position for which he was being considered was a temporary one, limited to a term of three years. Consistent with that position, the oath of office subscribed and sworn to by petitioner on October 4, 1996 identifies the position as "Temporary Full Time Police Officer" under the COPS FAST three-year program. Furthermore, at the time of

petitioner's appointment in October 1996, petitioner was not on any civil service list and was not eligible for a probationary or permanent appointment. In fact, there existed no civil service list for police officer in the City, as the previous one had expired in April 1996. Finally, the evidence shows that petitioner was not at any time appointed to a provisional, probationary or permanent position as a police officer in the City.

"It is well-established that temporary appointments are exempt from civil service requirements for appointment and can never, no matter how long continued, ripen into permanent appointments" (*Matter of Roberts v Parker*, 52 AD2d 651). "Thus, even if there is a failure of compliance with the statute authorizing temporary appointments, 'this might affect the validity of the temporary appointment but it would not transform an illegal temporary appointment into a valid permanent appointment'" (*id.*, at 651, quoting *Matter of Lane v Corsi*, 275 App Div 977, 978). It is equally well settled that temporary appointees "are not entitled to any of the advantages secured by the period of tenure" and, as such, are not entitled to the protections afforded under Civil Service Law §§ 75 and 80 (*Matter of Roberts v Parker, supra,* at 651; *see, Matter of Daub v Coupe*, 9 AD2d 260, 267).

Petitioner's remaining contentions, including the argument that, if temporary in nature, his employment falls within the exception to the general rule as set forth in *Matter of Wadsworth v Garnsey* (62 AD2d 1141, *lv denied* 45 NY2d 706), have been considered and found to be unavailing.

Cardona, P. J., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.