In the Matter of MICHELE LEE, Appellant, v. ALBANY-SCHOHARIE-SCHENECTADY-SARATOGA BOARD OF COOPERATIVE EDUCATIONAL SERVICES et al., Respondents. [893 NYS2d 383]—

Garry, J.

In 1989, petitioner was appointed to a permanent competitive position with respondent Albany-Schoharie-Schenectady-Saratoga Board of Cooperative Educational Services (hereinafter BOCES). In 1994, she resigned to accept a provisional appointment to a different position. She continued at BOCES in this provisional position for the next 12 years. During this period, as the result of an audit by respondent Albany County Department of Civil Service (hereinafter the Department), BOCES was required to reclassify numerous positions, including petitioner's. In May 2006, the Department conducted an examination for the proposed reclassified position. Petitioner took the examination, received a failing score, and her employment was thereafter terminated in December 2006. The reclassified position was filled from a list of eligible persons who had passed the examination.

Petitioner commenced this proceeding under CPLR article 78 seeking, alternatively, reinstatement to her former provisional position with back pay or reinstatement to her former permanent position. BOCES moved to dismiss for failure to state a claim. In September 2007, Supreme Court granted the motion in part, holding that petitioner was not entitled to the relief of reinstatement and back pay as a provisional employee. In

October 2008, the court dismissed the petition in its entirety. Petitioner now appeals.*

Petitioner contends that her termination was arbitrary and capricious because respondents failed to comply with the certification requirements of Civil Service Law § 22 and certain other civil service requirements in reclassifying her position. We agree with Supreme Court that, whether or not the reclassification was properly accomplished, petitioner is not entitled to the relief she seeks. It is undisputed that petitioner was a provisional employee (see Civil Service Law § 65). As such, she was subject to termination by BOCES "at any time without charges preferred, a statement of reasons given or a hearing held" (Matter of Preddice v Callanan, 69 NY2d 812, 814 [1987]). Provisional appointments are "mere stop-gaps" (Matter of City of Long Beach v Civil Serv. Empls. Assn., Inc.—Long Beach Unit, 8 NY3d 465, 471 [2007] [internal quotation marks and citation omitted]), and provisional employees are not entitled to the expectations of continued employment and other protections accorded to permanent employees by the Civil Service Law (see id.; Koso v Greene, 260 NY 491, 495 [1933]). The remedies of reinstatement and back pay are not available to provisional employees (see Matter of Preddice v Callanan, 69 NY2d at 814). Although the Court of Appeals has stated in "generalized dictum" (Matter of City of Rome v State of N.Y. Pub. Empl. Relations Bd., 283 AD2d 817, 819 [2001], lv dismissed 96 NY2d 936 [2001], lv denied 97 NY2d 607 [2001]) that "other remedies may be available" to provisional employees in the event of statutory or constitutional violations (Matter of Preddice v Callanan, 69 NY2d at 814 [emphasis added]), petitioner alleges no discriminatory intent, improper motive, or other violation related to her termination that could serve as a basis for any such remedy. Her claim that respondents violated Civil Service Law § 22 in reclassifying her position does not constitute a claim that her termination for failure to pass a competitive examination violated Civil Service Law § 65, which governs provisional appointments, or any other constitutional or statutory provision.

The fact that petitioner held her provisional appointment for 12 years, though far beyond the nine-month limitation estab-

---

* Although petitioner attempted to appeal from the September 2007 nonfinal order as well as the October 2008 final judgment, no appeal as of right lies from a nonfinal order in a CPLR article 78 proceeding (see CPLR 5701 [b] [1]). However, the appeal from the final judgment brings up for review the nonfinal order (see CPLR 5501 [a] [1]; Matter of Saratoga Lake Protection & Improvement Dist. v Department of Pub. Works of City of Saratoga Springs, 46 AD3d 979, 981 n 1 [2007], lv denied 10 NY3d 706 [2008]; Matter of Hebel v West, 25 AD3d 172, 175 n 1 [2005], lvs denied 7 NY3d 706 [2006]).

lished by Civil Service Law § 65 (2), accords her no additional rights. The constitutional requirement that civil service appointments "shall be made according to merit and fitness" (NY Const, art V, § 6) mandates that provisional positions may be succeeded by permanent appointments only as a result of a civil service examination and eligibility; such positions do not ripen into permanency as the result of statutory violations or the passage of time (*see Matter of City of Long Beach v Civil Serv. Empls. Assn., Inc.—Long Beach Unit*, 8 NY3d at 470-471; *see also Matter of Whalen v City of Mechanicville*, 289 AD2d 849, 851 [2001]). To permit greater rights to accrue due to an employer's "abuse [of] its authority" in continuing a provisional appointment beyond the statutory deadline would merely perpetuate the harm to the constitutional merit and fitness requirement (*Matter of City of Long Beach v Civil Serv. Empls. Assn., Inc.—Long Beach Unit*, 8 NY3d at 472). Thus, Supreme Court properly dismissed petitioner's claims related to her provisional appointment.

Supreme Court found that petitioner's separate cause of action seeking reinstatement to her former encumbered permanent position was moot because, upon petitioner's demand, the Department placed her on the preferred eligible list for that position pursuant to Civil Service Law § 81 (1), while simultaneously advising her that the position was deemed to be abolished (*see* Civil Service Law § 80). Petitioner now contends on appeal that she also has encumbrance rights to other comparable positions at BOCES. Our review is precluded by her failure to seek such relief in her petition or otherwise raise the claim before Supreme Court (*see Bender v Peerless Ins. Co.*, 36 AD3d 1120, 1121 [2007]; *Matter of Carter v Goord*, 8 AD3d 771, 772 [2004]).

Cardona, P.J., Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.