■ MAUREEN NOLAN LOCKWOOD, Appellant, v BENJAMIN LAYTON, Individually and Doing Business as COUNTRY ROCK CAFÉ, Respondent. [916 NYS2d 243]—

Stein, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered October 15, 2009 in Otsego County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff was injured in the aftermath of a fight that occurred in the parking lot of the Country Rock Café, an establishment located on property owned by defendant. Defendant is also a shareholder and director of JGB Layton, Inc., a closely-held corporation that owns the Country Rock Café. After plaintiff commenced this negligence action against him, individually, defendant moved for summary judgment on the basis that plaintiff was suing the wrong entity. Supreme Court granted the motion and dismissed the complaint, finding, among other things, that defendant was the functional equivalent of an out-of-possession landlord who could not be held liable for injuries occurring on his property. Plaintiff now appeals.

We affirm. As the proponent of the motion for summary judgment, defendant bears the initial burden of demonstrating his entitlement to judgment as a matter of law by proffering evidentiary proof in admissible form (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324, 326 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1068 [1979]). Only if that burden is met does the burden then shift to plaintiff to raise a triable issue of

fact requiring a trial (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d at 1068).

Here, defendant's argument is that he owed no legal duty to plaintiff. In support of his motion for summary judgment, he submitted his own affidavit, as well as an attorney's affidavit, and the exhibits attached thereto. To negate the allegation in the complaint that the Country Rock Café was a "doing business as" of which he was a proprietor, he submitted a copy of the liquor license issued to JGB Layton, Inc., operating as Country Rock Café at the subject property owned by defendant. In addition, defendant testified at his deposition that the corporation—of which he is admittedly a director and shareholder—owned the café and leased the property from him. He further testified that his employment as supervisor for a construction company typically requires him to be out of town for six to eight weeks at a time and that his wife managed the café. Defendant testified that the corporation paid rent when it was able to do so, including the mortgage owed by defendant on the property (which included the parking lot and the building thereon in which the café was operated) and the taxes in connection therewith. This evidence was sufficient to establish a prima facie showing that defendant, personally, owed no duty to plaintiff, thus shifting the burden to plaintiff to raise a triable issue of fact.

In opposition to defendant's motion, plaintiff argued that there is a question of fact as to whether defendant had a duty of care to those using the parking lot area and whether he breached that duty. Given defendant's proof, in order for plaintiff to meet her burden, she was required to demonstrate that defendant was not an out-of-possession landlord.* As relevant here, an out-of-possession landowner owes a duty to third parties only if he or she "exercised some control over the land, . . . assumed responsibility to maintain any portion of the premises or created the dangerous condition" (*Buckowski v Smith*, 185 AD2d 556, 556 [1992], *lv denied* 80 NY2d 762 [1992]; *see McCarthy v Handel*, 297 AD2d 444, 447 [2002]). Here,

---

* To the extent that plaintiff argues on appeal that defendant was the alter ego of the corporation, warranting a piercing of the corporate veil and a finding of personal liability on defendant arising out of a duty owed by the corporation (*see generally East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 126 [2009]), plaintiff did not plead such a cause of action or move to amend the complaint and, therefore, cannot now raise the issue on appeal for the first time (*see Matter of Lee v Albany-Schoharie-Schenectady-Saratoga Bd. of Coop. Educ. Servs.*, 69 AD3d 1289, 1291 [2010]; *Savage v Desantis*, 56 AD3d 1013, 1015 [2008], *lv denied* 12 NY3d 709 [2009]).

plaintiff's sole support for her claim that defendant, personally, maintained control over the parking lot is the affirmation of her counsel, alleging "upon information and belief" that the corporation did not lease the parking lot. Such allegation is pure speculation and is insufficient to raise a question of fact to preclude summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d at 327). Plaintiff's remaining allegations relating to defendant's control of the parking lot fail to distinguish between his individual status as owner of the property and his role as director and/or shareholder of the corporation.

Cardona, P.J., Mercure, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, with costs.